Michael Hopkins v. Commissioner.
Hopkins v. Commissioner
Docket No. 3050-63.
United States Tax Court
T.C. Memo 1965-95; 1965 Tax Ct. Memo LEXIS 235; 24 T.C.M. (CCH) 504; T.C.M. (RIA) 65095; April 13, 1965
Michael Hopkins, pro se. John B. Murray, Jr., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax for 1959 and 1960 in the respective amounts of $472.79 and $563.36, and additions to these taxes for such years under the provisions of section 6653(a) of the *236 1954 Code (the so-called 5 percent negligence penalty) in the amounts of $23.64 and $28.17, respectively. The primary issues, and the only issues now remaining for decision, are whether petitioner, a waiter, understated his income from tips in 1959 and 1960, and whether respondent properly determined additions to tax under section 6653(a), aforesaid. Other issues have been conceded by petitioner. Findings of Fact Petitioner and his wife, Rose, filed joint Federal income tax returns for the years 1959 and 1960 with the district director of internal revenue, Manhattan District, New York City, New York. Respondent's statutory deficiency notice was addressed to petitioner and his said wife but asserted underreporting on the part of petitioner only. The petition herein was captioned and signed by Michael Hopkins alone. On such returns for 1959 and 1960 petitioner reported his wages as $1,881.25 and $1,955.46, respectively, and he reported his tips as an even $1,000 in each year. In 1959 such portion of the return reads: "Tips as waiter @20 per week 50 weeks $1000.00." Respondent determined petitioner's tips (less busboy expense of approximately 12 percent thereof in each year) at *237 $3,046.12 in 1959 and $3,372.78 in 1960. Respondent deducted the $1,000 in tips which petitioner returned in each year in order to arrive at his determination of the amounts of underreported tips in each year. During the taxable years petitioner was employed either by Union News Co. or American News Co. and worked as a waiter for such company at its Grand Central Terminal Restaurant which is sometimes referred to as The Cafe and is located on the lower level of the Grand Central Station in New York City. Petitioner had been so employed for over 10 years, having first gone to work there in such capacity in about April 1949. During the taxable years petitioner worked 5 days a week, usually having Monday and Tuesday off, but part of the time he was off Wednesday and Thursday. He had a 2-week vacation but the record is silent as to whether he was paid for this time or as to whether he received salary during the few days in each year when he was off sick. Petitioner's usual hours were from 3 p.m. to midnight but he sometimes came in earlier to work during the lunch hour and very occasionally came in much earlier to work during the breakfast hour. Petitioner freely acknowledged *238 that he received tips in the course of his employment and he also freely acknowledged that he kept absolutely no record of any kind regarding such tips. At the trial petitioner stated that respondent's determinations as to his tips were "exorbitant" but this record is devoid of any testimony or evidence from which any finding of less than the amounts determined by respondent could be made. Opinion Tips are includable in gross income under section 61(a). [1]Carroll F. Schroeder, 40 T.C. 30 (1963); Harry A. Roberts, 10 T.C. 581 (1948), affd. 176 F. 2d 221 (C.A. 9, 1949); Barry Meneguzzo, 43 T.C. - (1965). Taxpayers are required by section 6001 [2] to keep such records as may be required by the Secretary of the Treasury or his delegate. If a taxpayer fails to keep the required records respondent is authorized by section 446 [3] to compute income in accordance with such method as in his opinion does clearly reflect income. Dorothy Sutherland, 32 T.C. 862 (1959); Barry Meneguzzo, supra. *239 By his statutory deficiency notice respondent determined understatements of petitioner's tip income by use of a percentage of petitioner's salary for each of the years in issue and deducted from the amounts so determined the busboy expense and the $1,000 which petitioner reported and returned as tips in each year. The understatements so determined were $2,046.12 in 1959 and $2,372.78 in 1960. Respondent's determination of petitioner's tip income is presumptively correct and petitioner has the burden of proving it erroneous. Welch v. Helvering, 290 U.S. 111 (1933); Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Dorothy L. Sutherland, supra; Barry Meneguzzo, supra. Petitioner's only direct attempts to satisfy this burden are his testimony that respondent's determinations were "exorbitant" and by respeated statements that he was the newest waiter in The Cafe, had no seniority and therefore was always relegated to serving at the poorest areas of The Cafe and at its poorest counter. [4]
*240 At the time of the trial petitioner estimated that in 1959 and 1960 his tips usually averaged $4 or $5 per day but were "much better" around the Christmas holidays. He also estimated that during these years his salary [5] plus tips averaged $70 or $75 per week. We observe that all computations made using these estimates result in figures substantially above the $1,000 in tips which petitioner returned in each of the years in issue. In view of all of the above we hold that respondent's determinations of petitioner's underreporting of tips must be sustained. The second issue is whether respondent properly determined additions to tax under section 6653(a), supra. [6] Petitioner's failure to keep any record of his tip income constitutued negligence resulting in underpayments, consequently, respondent's determinations are sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.
*241 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩
2. SEC. 6001. NOTICE OR REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS. Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe. * * * ↩
3. SEC. 446. GENERAL RULE FOR METHODS OF ACCOUNTING. (b) Exceptions. - If no method of accounting has been regulary used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.↩
4. It seems incredible that a waiter with 10 years' seniority would be the last one to have been hired, but even assuming such fact to be true, petitioner has still failed his burden.↩
5. The record is unclear as to whether this is gross salary or salary after deductions.↩
6. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩