DOROTHY L. SUTHERLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN M. SUTHERLAND AND DOROTHY L. SUTHERLAND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 70179, 70186. Filed June 30, 1959.

*Grant G. Calhoun, Esq.*, for the petitioners.

*Nat F. Richardson, Esq.*, and *Clyde R. Maxwell, Esq.*, for the respondent.

OPINION.

Harron, *Judge:* Tips are part of compensation for services, therefore, taxable income under section 22(a), 1939 Code, as petitioners admit. *Roberts* v. *Commissioner*, 176 F. 2d 221, affirming 10 T.C. 581; Regs. 111, sec. 29.22(a)–2. The question for decision is whether the

amount of tips received by each petitioner in each taxable year is a larger amount than was reported.

The respondent has determined that each petitioner received a specific amount of tips. His determination is presumptively correct under law and each petitioner has the burden of proving that each amount for tips actually received is not correct. *Reinecke* v. *Spalding*, 280 U.S. 227; *Welch* v. *Helvering*, 290 U.S. 111, 115; *Greenfeld* v. *Commissioner*, 165 F. 2d 318; 9 Mertens, Law of Federal Income Taxation (Zimet Revision) sec. 50.61. If the petitioners fail to meet their burden of proof by presenting competent proof of the amounts of tips received, the respondent's determinations of the amounts must be sustained.

Although the question is one of fact, it is of widespread interest both to the Commissioner and to taxpayers who receive tips as part of compensation for services,[2] of which there are well over 100,000. This case is before this Court because the taxpayers did not keep any records of the amounts of tips received, or any other records which might be helpful in determining with a reasonable amount of accuracy the amounts of tips received, such as records of the hours of shifts worked; when the shifts were, during either the day or the evening; the number of days of employment during various seasons of the year; and the number of days and seasons of unemployment.

But every taxpayer is required by law to report in his income tax return, fully and honestly, every item of gross income received, and must maintain adequate records of some kind which will show to him and to the Commissioner the amount of income of all types received in each year.[3] If a taxpayer does not keep any records to show the full amount of every kind of income received in a taxable year, or if such records as are kept do not clearly show the entire income, the Commissioner is authorized to make a computation of the amount of income in accordance with such method as in his opinion does clearly

---

[2] According to recent reports of the United States Bureau of the Census, in 1950 there were the following number of waiters and taxicab drivers in the United States:

| | | |
|---|---|---|
| Waiters, bartenders, counter workers, and all service workers except household | Male | 136, 465 |
| | Female | 134, 885 |
| | | 271, 350 |
| Taxi drivers and chauffeurs | Male | 76, 599 |
| | Female | none stated |
| | | 76, 599 |
| | | 347, 949 |

[3] See sections 41 and 54 of the 1939 Code, sections 446 and 6001 of the 1954 Code, and the regulations thereunder.

show the full amount of income received.[4]   As we said in *Louis Halle*, 7 T.C. 245, 250, affd. 175 F. 2d 500, certiorari denied 338 U.S. 949:

The Commissioner need not accept, as complete, correct, and accurate, the returns filed or the sworn statement of the taxpayer that his returns completely and correctly disclose his tax liability.  The Commissioner has authority to check the returns against the records of the taxpayer and, if no records have been kept or if the records are incomplete, inaccurate, or otherwise unsatisfactory, he may seek information elsewhere to discover, assess, and collect the full tax liability imposed by law.

See, also, *Estate of Robert Lyons Hague*, 45 B.T.A. 104, 109, affd. 132 F. 2d 775.

In failing to keep records of their tips for each year, the petitioners failed to comply with legal requirements.  The respondent, being unable to verify the amounts of tips reported, was authorized to make a computation of the amount of each petitioner's tips in each year in accordance with a method which in his opinion showed the entire amount thereof.

In these cases the respondent has determined that John Sutherland received tips during each taxable year in the same amount as his wages; and that Dorothy Sutherland's tips amounted to about 64.7 per cent and 66 per cent of her wages, taking into account the fact that she was at times a hostess in a dining room and did not receive tips when she was assigned to that job.   Respondent's agent gave each petitioner an opportunity to discuss the audit which was being made of their returns, but neither got in touch with him.

Petitioners claim that the tips received did not exceed the amounts reported in their returns.   In support of their contention they rely upon their own testimony about the conditions under which they worked and the seasonal nature of the hotel and restaurant business in Reno.   They testified that they were not employed every working day during the year, that during the fall, winter, and spring seasons business was slack, and that during the busy season, July, August, and September, extra waiters were employed and their opportunity to earn large amounts of tips was thereby reduced.

The respondent introduced evidence consisting of the testimony of witnesses who had worked as either waiter, or captain of waiters, or dining room manager at the Riverside and Mapes Hotels, and records of both hotels showing by month the total amounts of food sales and

[4] SEC. 41.  GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

of total wages paid to waiters. On the basis of the latter information, respondent presented a formula showing the ratio of waiters' wages to food sales, the average dollar amount of food sold by a waiter per dollar of wages, and a percentage of food sales which a waiter could be expected to receive for tips based upon a tip of 10 per cent of a patron's purchase of food and beverages. On the basis of such evidence, respondent contends that his determinations of the amounts of tips received by the petitioners are correct.

Upon consideration of all of the evidence, it must be concluded that some weight must be given to the testimony of the petitioners that the business of their respective employers was seasonal and that, therefore, the tips received during the fall, winter, and spring months were less than during the summer season. However, petitioners have failed to a substantial degree in meeting their burden of proving that the respondent's determinations are wholly invalid. Petitioners did not testify about any actual amounts of tips received per day either during the busy season and when they worked overtime, or during the slack season. This Court cannot accept as the full discharge of a taxpayer's burden of proof mere estimates of income, or his unsubstantiated, uncorroborated, and self-serving testimony that the amounts reported in his returns are correct. To do so would mean that the Commissioner's adjustments would not be presumptively correct where the taxpayer swore to the correctness of his return. *Louis Halle, supra.*

We are unable to believe that in each year each petitioner received tips in an amount which was no more than was reported. John and Dorothy have failed in their burden of proof, in part, because he and she did not keep any written records of the amounts of tips actually received. Since each was extremely negligent in failing to keep such records, each must bear the tax consequences of his own negligence. Since every taxpayer must maintain adequate records of some kind in order to fully and honestly report all of his income, from whatever source derived, in his income tax return, *Louis Halle, supra* at 249, 250, it behooves each petitioner, in the future, to make an honest, accurate, and complete record of the full amount of tips received each day so as to know what is the total amount of income from tips to be reported in income tax returns.

Upon the entire record it is found and held that each petitioner received in each year at least the total amount of tips stated in the Findings of Fact, and that each failed to report tips in the following amounts:

Dorothy failed to report tips in the amounts of $750 for 1953, and $600 for 1954.

John failed to report tips in the amounts of $1,132 for 1954, and $1,020 for 1955.

The remaining question is whether petitioners are liable for additions to tax under sections 294(d)(1)(A) and 294(d)(2). Petitioners offered no evidence with respect thereto and, on brief, they made no contention that imposition of the additions was not proper. Therefore, it is understood that this issue has been abandoned. However, there is no proof that petitioners' failure to file declarations of estimated tax was due to reasonable cause and not to willful neglect. Additions under section 294(d)(1)(A) are sustained. Under the holdings made, there must be recomputation of the deficiencies under Rule 50. The parties will recompute the amounts of the additions due under sections 294(d)(1)(A) and 294(d)(2). See *Albert N. Shahadi*, 29 T.C. 1157, affd. 266 F. 2d 495.

*Decisions will be entered under Rule 50.*