Viola Bjorklund, et al. [1] v. Commissioner. Bjorklund v. Commissioner
Docket Nos. 86117, 86142, 86456.
United States Tax Court
T.C. Memo 1963-101; 1963 Tax Ct. Memo LEXIS 243; 22 T.C.M. (CCH) 469; T.C.M. (RIA) 63101; April 5, 1963
Andrew F. Slaby, Esq., for the petitioners. Melvin E. Pearl, Esq., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined deficiencies in the income tax of petitioners for the years 1957 and 1958, and additions to tax under section 6653(a) of the 1954 Code in the following amounts: 1957
1958
Sec. 6653(a)
Sec. 6653(a)
Docket
Addition to
Addition to
Petitioner
No.
Deficiency
Tax
Deficiency
Tax
Viola Bjorklund
86117
$576.00
$28.80
$478.00
$23.90
Esther V. Young
86142
675.74
33.79
734.37
36.72
Alma A. Peterson
86456
593.91
29.70
643.05
32.15
*244 The prime issue for decision in the instant cases is the reasonableness of respondent's determination as to tip income of each of the petitioners for the years 1957 and 1958. A second issue herein concerns the correctness of respondent's action in determining that petitioners are liable for an addition to tax under section 6653(a) of the Internal Revenue Code of 1954 for each of the taxable years involved. Findings of Fact Some of the facts were stipulated by the parties. Their stipulation, together with attached exhibits, is incorporated herein by reference. Petitioners are individuals residing in Milwaukee, Wisconsin. Their returns for the years 1957 and 1958, all of which were made on the cash basis and for the calendar year period, were filed with the district director of internal revenue, Milwaukee, Wisconsin. During the taxable years 1957 and 1958 each of the petitioners was employed as a waitress at George Diamond's Steak House, a restaurant located in downtown Milwaukee, Wisconsin. During the years in question this restaurant was considered to be one of the better moderate-priced eating establishments in the Milwaukee area. It enjoyed an excellent *245 reputation and a steady flow of customers who often stood in line for a considerable period in order to get a table. The interior of the restaurant was of traditional decor, paneled, and had a large stone fireplace in the rear. The dining room contained some 29 tables. Liquor was dispensed from a bar located just outside the dining room. The specialty of the house consisted of various types of corn-fed steer steaks. During the years in question petitioners were all good waitresses, received equal treatment from the management, were not discriminated against in any respect, and shared equal table or station assignments. They experienced similar amounts of walkout, tips to bus boys, breakage and other miscellaneous expense. Petitioners received tips in at least the amounts set forth below during the years 1957 and 1958, and failed to report tips as follows: Total tip
income
Amount
per
Docket
of food
Tip
Tips
Tips
statutory
and
income
Petitioner
No.
liquor
(10% of
reported
Unreported
notice [2]
sold [1]
Col. 3)
1957
Viola Bjorklund
86117
$32,997.00
$3,299.70
$201.00
$3,098.70
$3,209.00
Esther Vivian
86142
38,887.00
3,888.40
375.00
3,513.40
3,852.00
Young
Alma A. Peterson
86456
32,701.00
3,270.10
480.00
2,790.10
3,270.00
1958
Viola Bjorklund
86117
$29,668.00
$2,966.80
$377.00
$2,589.80
$2,880.00
Esther Vivian
86142
43,121.00
4,312.10
400.00
3,912.10
4,183.00
Young
Alma A. Peterson
86456
36,642.00
3,664.20
520.00
3,144.20
3,604.00
*246 All of the petitioners negligently failed to keep any record of tips received during the years 1957 and 1958. Respondent correctly determined that petitioners are liable for additions to tax under section 6653(a) for the years 1957 and 1958. Opinion That tips or gratuities constitute compensation for services rendered and, accordingly, are includable in gross income, is a subject which is no longer open to dispute. Roberts v. Commissioner, 176 F. 2d 221 (C.A. 9, 1949), affirming 10 T.C. 581; Dorothy L. Sutherland, 32 T.C. 862 (1959); Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7, 1962), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962). Accordingly, the present controversy concerns only the amount of such tips or gratuities received by petitioners during the taxable years in question. Having determined that each of the petitioners lacked any record *247 whatsoever which would clearly reflect tip income as required by law, respondent utilized his statutory authority under section 446, Internal Revenue Code of 1954, and resorted to a computation of the amount of each petitioner's tips for the years 1957 and 1958 in accordance with a method which in his opinion did clearly reflect tip income. A survey conducted by respondent of tipping habits in Milwaukee, Wisconsin, in the years 1957 and 1958 indicated that the custom was to tip a percentage of the food and liquor bill. Further study resulted in the conclusion that 12 percent of the sales made by a particular waitress working in this class of restaurant represented the gross tip received. However, to account for such things as walkouts, tips to bus boys, breakage, and other miscellaneous expense which might be incurred by a waitress, this figure was adjusted to 10 percent of gross sales. Thus, in the instant case, respondent determined the net tip income for each of the petitioners during the years 1957 and 1958 by taking 10 percent of their individual annual gross sales of food and drink for those years. The respondent's determination is entitled to a presumption *248 of correctness. See Rule 32, Rules of Practice, Tax Court of the United States. Therefore, each petitioner has the burden of proving the incorrectness or unreasonableness of such determination. We find petitioners herein have failed to meet this burden. All failed completely to maintain any record whatsoever of tip income which could be shown to the Court, although the law requires each and every taxpayer to keep such records as will clearly and adequately reflect the amount of income of all types received in each year. See sections 6001 and 446, Internal Revenue Code of 1954. Taxpayers must come to realize that where they maintain no records both the Commissioner and, in turn, this Court, have no other course than to reconstruct income in the most reasonable way possible. Rarely are such reconstructions exact, nor are they required to be. "It is sufficient if the method employed produces a result which is substantially correct. All taxpayers, including the [ones] here involved, by failure to keep records of their income assume the hazard that they may be called upon to pay a tax based upon an income which cannot be determined to a certainty. Such a situation, *249 however, arises from the fault of the taxpayer and not that of the Commissioner," Mendelson, supra. Petitioners herein have failed in their burden of proof in large measure because they failed to keep any written records of the amount of tips actually received. "Since each was extremely negligent in failing to keep such records, each must bear the tax consequences of [her] own negligence," Sutherland, supra.We therefore sustain the respondent's determination of additions to tax as provided in section 6653(a) of the 1954 Code. On brief respondent has conceded that the total amount of tips received by petitioners during the years 1957 and 1958 does not exceed the figures set out in the statutory notices of deficiency, and we so find. Decisions will be entered for the respondent. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Esther Vivian Young, Docket No. 86142; and Alma A. Peterson, Docket No. 86456.↩
2. On brief respondent concedes that the total amount of tips, both unreported and reported, does not exceed the figures set forth in the statutory notices of deficiency.↩
1. These figures were stipulated by the parties. ↩