Nicholas Coritsidis v. Commissioner.
Coritsidis v. Commissioner
Docket No. 2727-63.
United States Tax Court
T.C. Memo 1965-68; 1965 Tax Ct. Memo LEXIS 260; 24 T.C.M. (CCH) 364; T.C.M. (RIA) 65068; March 29, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioner. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Sec. 6653(a),
Year
Income Tax
I.R.C. 1954
1957
$534.10
$26.70
1958
539.32
26.97
1959
407.00
20.35
The issues for decision *261 are (1) whether petitioner understated income from tips earned at Whyte's Restaurant (downtown) and at The Lobster, Oyster and Chop House in 1957, 1958, and 1959; (2) whether petitioner is entitled to deductions for union dues and work clothing for 1957 and 1958; and (3) whether respondent erred in determining additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner was a resident of New York, New York. He filed his Federal income tax returns for 1957, 1958, and 1959 with the district director of internal revenue, Manhattan, New York. During the taxable years petitioner worked as a waiter at Whyte's Restaurant, *262 145 Fulton Street, and at The Lobster, Oyster and Chop House, 145 West 45th Street, both in New York City. [Findings Regarding Whyte's Restaurants] Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. [Other Findings] Petitioner began working at Whyte's downtown in 1956. In 1958 or 1959 he was assigned a permanent station in the upstairs dining room; until then he had worked at whatever station happened to be vacant. Petitioner worked only lunches at Whyte's downtown, 5 days per week. Petitioner worked 6 days per week at The Lobster, Oyster and Chop House (hereinafter referred to as The Lobster). The Lobster is situated in the vicinity of Times Square and is frequented largely by tourists. Average tips left by patrons of The Lobster were a smaller percentage of the cost of the meal than tips left at Whyte's downtown. Petitioner worked dinners from 5 to 8:30 p.m. in the basement room of The Lobster. In each of the years before us, petitioner received tips *263 from The Lobster in amounts not less than the wages paid him by The Lobster in the particular year. Petitioner reported tip income of $1,000, $1,200, and $1,200, for 1957, 1958, and 1959, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $1,912.26, $1,981.82, and $1,509.54. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's downtown plus 100 percent of his wages from The Lobster, and then subtracting the tip income reported on petitioner's return for the particular year. Respondent disallowed all itemized deductions claimed on petitioner's 1957 and 1958 returns. In their place he allowed a standard deduction for a married person filing separately. Respondent also determined additions to tax under section 6653(a). Petitioner kept no records of his tip income. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first question is whether respondent erred in using a formula to determine that petitioner understated *264 his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law relevant to this question are, in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. As to this question, there is no material difference between the Meneguzzo case and the instant case. Therefore, we hold that respondent's *265 determination must be sustained. The second question is whether petitioner understated tip income earned at The Lobster. It is respondent's position that petitioner received in each of the years in issue tips from The Lobster in amounts at least equal to his wages from that restaurant. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try to justify this 1:1 relationship between tips and wages at The Lobster, although he did introduce such evidence in support of his formula for Whyte's downtown. Nevertheless, respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous. Rule 32, Tax Court Rules of Practice. Were we to rely wholly on petitioner's estimates, made at trial, of the average number of customers he served and the average cost of meals, we would find tip income from The Lobster approximately equal to the total amounts of tips reported on petitioner's returns and only slightly less than petitioner's wages from The Lobster. Under the circumstances, we cannot find that petitioner has carried his burden of proof as to this question. Of the itemized deductions on petitioner's *266 1957 and 1958 returns disallowed by respondent for lack of substantiation, petitioner has put in issue only those claimed for union dues and work clothing. Petitioner has not shown that he incurred expenses of this nature in amounts exceeding the standard deductions allowed by respondent; it follows that petitioner has not been prejudiced by the disallowance of these items. The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioner, see Barry Meneguzzo, 43 T.C. 824↩ (1965).