Nick Panagakos v. Commissioner.
Panagakos v. Commissioner
Docket No. 2345-63.
United States Tax Court
T.C. Memo 1965-76; 1965 Tax Ct. Memo LEXIS 256; 24 T.C.M. (CCH) 409; T.C.M. (RIA) 65076; April 2, 1965
J. Arthur McNamara, 20 Broadway, Vahalla, N. Y., for the petitioner. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax and additions to tax as follows: Additions
to Tax
Income
Sec. 6653(a),
Year
Tax
I.R.C. 1954
1957
$479.12
$23.96
1958
417.85
20.89
1959
430.70
21.54
The issues are *257 (1) whether petitioner understated tip income earned at Whyte's Restaurant (downtown) and at Hamilton House, (2) whether petitioner is entitled to deductions for union dues and work clothing, and (3) whether respondent erred in determining additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner is a resident of Brooklyn, New York. He filed his Federal income tax returns for the years 1957, 1958, and 1959 with the district director of internal revenue, Brooklyn, New York. During the taxable years petitioner worked as a waiter at Whyte's Restaurant, 145 Fulton Street, New York City, and at Hamilton House, Sheepshead *258 Bay, Brooklyn, New York. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824( 1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner first worked as a waiter in about 1925; he began working at Whyte's downtown in 1955. During the years in issue, petitioner usually worked 5 lunches and 1-3 dinners per week at Whyte's downtown. At lunchtime petitioner was stationed in the upstairs dining room, where he worked with two other waiters in serving large parties. Petitioner and his two partners pooled their tips. On Saturdays and Sundays petitioner worked at Hamilton House restaurant. Hamilton House was a good quality restaurant, with dinner prices ranging up to $5 in 1957-1959. Petitioner usually worked from 5 or 6 p.m. until midnight. Business at Hamilton House was very slow during the winter months. On his income tax returns for the years 1957, 1958, and 1959, petitioner reported wages from Whyte's, wages from Hamilton House and tips as follows: Wages
Wages
Hamilton
Year
Whyte's
House
Tips
1957
$1,489.41
$649.00
$1,425
1958
1,488.62
718.50
1,680
1959
1,317.80
900.00
1,610
*259 Petitioner did not itemize deductions on any of his returns for 1957, 1958, and 1959. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $2,202.82, $2,015.74, and $1,925.60. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's plus 100 percent of his wages from Hamilton House, and then subtracting the tip income reported on his return for the particular year. Respondent also determined additions to tax under section 6653(a). Petitioner kept no records of his tip income. Respondent was reasonable in using a formula to determine tip income earned by petitioner at Whyte's downtown. Opinion The first question is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a). Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; *260 Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all recordkeeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law relevant to this question are, in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. As to this question, there is no material difference between the Meneguzzo case and the instant case. The fact that petitioner and his two partners pooled their tips from large parties merely assures further that petitioner received an average amount of tips. Respondent's determination as to Whyte's downtown must be sustained. The second question is whether petitioner understated tip income earned at Hamilton House. It is respondent's position that petitioner received tips from *261 Hamilton House in 1957, 1958, and 1959 in amounts at least equal to his wages from that source. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try to justify this 1:1 relationship between tips and wages at Hamilton House, although he did introduce such evidence in support of his formula for Whyte's downtown. Still, respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous. Rule 32, Tax Court Rules of Practice.
Petitioner kept no records of his tip income. He has failed to produce any persuasive evidence from which we might conclude that his tips from Hamilton House were less than the amounts asserted by respondent. We hold that petitioner has not carried his burden of proof as to this question. Petitioner did not itemize deductions on his returns for the taxable years. Petitioner now claims that he should be allowed deductions for union dues and special work clothing. Petitioner has not shown that he incurred expenses for such purposes in excess of the standard deductions allowed by respondent in computing the tax due. It follows that petitioner has not been prejudiced. *262 The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioner, see Barry Meneguzzo, 43 T.C. 824↩ (1965).