Philip Schnur v. Commissioner.
Schnur v. Commissioner
Docket No. 3858-63.
United States Tax Court
T.C. Memo 1965-97; 1965 Tax Ct. Memo LEXIS 233; 24 T.C.M. (CCH) 519; T.C.M. (RIA) 65097; April 14, 1965
*233 Held, that the petitioner has not shown error in the respondent's determination that he derived a net profit from a partnership operation of a toy store, instead of sustaining a net loss as claimed. Held, further, that the respondent properly determined an addition to tax under section 6653(a) of the Internal Revenue Code of 1954. Philip Schnur, pro se. George K. Dunham, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency of $347.91 for the taxable year 1960 and an addition to tax of $17.40 for such year under section 6653(a) of the Internal Revenue Code of 1954. The questions presented are whether the respondent erred in his determination that the petitioner had a business profit *234 of $608.91 for the year 1960 (and not a business loss of $993.63 as claimed), and whether any underpayment of tax was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a) of the Code. Findings of Fact Some of the facts have been stipulated and the stipulation is incorporated herein by this reference. The petitioner is a resident of Washington, D.C. For the taxable year 1960 he and his wife filed a joint income tax return with the district director of internal revenue, Baltimore, Maryland. For the period from approximately November 1, 1960 to December 25, 1960, petitioner was engaged, as an equal partner with Paride Petrone, in the business of selling toys under the style of Rainbow Toyroom at 706 7th Street, N.W., Washington, D.C. Petrone did all the ordering and buying and took home the receipts each night. Records were kept showing, among other things, how much was received each day and how much was paid out. In the joint return for 1960 the petitioner reported a loss of $993.63 from the operation of the Rainbow Toyroom and claimed this amount as a deduction in computing adjusted gross income of $2,763.06. The return *235 was prepared for the petitioner by an accountant on the basis of information given to him by the petitioner orally. Petitioner did not turn over to the accountant any of the records of business receipts or expenses of the toy store operation. He told the accountant he lost about $1,000 on the venture. The figures which he gave the accountant with respect to this operation were estimates based upon his recollection. During the course of an audit by the respondent, the petitioner turned over to the examining officer certain books and records, consisting of cash register tapes, a cash receipts journal, a cash receipts ledger, and two boxes containing invoices and receipts. These books and records were turned over upon the request of the respondent's agent in October 1961 that he be furnished the books and records pertaining to the operation of the Rainbow Toyroom. Such records had been stored in the basement of the residence of the petitioner's partner, Paride Petrone. When the revenue agent requested the records petitioner asked Petrone where they were and Petrone informed him they were in the basement of his residence, and he turned them over to the petitioner. On September 17, 1962, the *236 petitioner gave his receipt acknowledging the return to him by the respondent of cash register tapes for the period from November 14, 1960 to December 10, 1960, a cash receipts journal, a cash receipts ledger, and two boxes of invoices for November and December 1960. On October 29, 1962, Paride Petrone, petitioner's partner in the Rainbow Toyroom, signed a Form 875 agreeing to an increase in the partnership income for 1960 in an amount of $2,211.44. In the notice of deficiency, dated May 10, 1963, the respondent determined that the Rainbow Toyroom had a net profit in the amount of $1,217.81 for 1960. Accordingly, the respondent disallowed the claimed loss of $993.63 and included in petitioner's income as his share of the net profit of the Rainbow Toyroom operation the amount of $608.91. The respondent's determination was based upon the records which petitioner furnished the revenue agent. At least some part of any underpayment in tax for the taxable year 1960 was due to negligence or intentional disregard of rules and regulations. Opinion The determination of the respondent that the petitioner derived a net profit from the toy store operation in the amount of $608.91 (instead *237 of sustaining a loss of $993.63 as claimed by the petitioner) is presumptively correct and the burden of proof rests upon the petitioner to show error with regard thereto. Welch v. Helvering, 290 U.S. 111. The evidence shows that records were kept with respect to the income and expenditures of the toy store venture, but that the petitioner's return was not based thereon. Rather, it was based on estimates which the petitioner orally gave to the accountant who prepared his return. The respondent's agent requested the petitioner to furnish him the records of the business and the petitioner did turn over to the agent various records which purported to be the records of such business. The respondent's determination was based upon such records. At the hearing such records were not produced. The petitioner testified that he signed a receipt for their return but did not have them, stating that he left them at the Internal Revenue office. He further testified that certain cash register tapes which the respondent relied upon in his determination may have been records of some other taxpayer which had become mingled with his records. However, there is no evidence to substantiate *238 this conjecture of the petitioner or to show that the determination made by the respondent was not in accord with the records presented to him. The petitioner testified that he had borrowed $500 which he used in connection with the business, that Petrone gave him $300 to pay on this indebtedness, and that on Christmas Eve of 1960 he and his partner divided $200 which was all they had left of the two months of operation. He testified that he lost over $1,000, but did not give the details upon which his conclusion was based. We cannot conclude that the testimony of the petitioner is sufficient to establish that the respondent's determination is erroneous. See Interlochen Company, Inc. v. Commissioner, (C.A. 4) 232 F. 2d 873, affg. 24 T.C. 1000, and Dorothy L. Sutherland, 32 T.C. 862. As stated, the respondent's determination was based upon records purporting to show the income and expenditures of the partnership business. Section 702 of the Internal Revenue Code of 1954 provides that each partner shall take into account separately his distributive share of the partnership's income and deductions. Upon the record presented *239 we must approve the respondent's determination. The respondent's determination that the petitioner is liable for an addition to tax under section 6653(a)[1] of the Code is also presumptively correct, and the burden rests upon the petitioner to show that it was erroneous. David Courtney, 28 T.C. 658, and cases cited therein. The petitioner has not met his burden in this respect. Indeed, we think the record clearly shows that the underpayment was due to negligence or intentional disregard of rules and regulations. In furnishing information to the accountant for purposes of preparing his return for the year in question, the petitioner did not have recourse to the business records which had been kept. He testified that he did not know where they were. However, it is clear that he did know that records had been kept, and when the revenue agent later requested such records petitioner asked his partner Petrone about them and found that they were stored in the basement of his partner's home. We sustain the respondent's determination of the addition to the tax under section 6653(a) of the Code. *240 Decision will be entered for the respondent. Footnotes
1. Section 6653(a) provides in part as follows: (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes. - If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩