Maxwell H. and Dorothy Messenger v. Commissioner.
Messenger v. Commissioner
Docket No. 1964-69 SC.
United States Tax Court
T.C. Memo 1969-223; 1969 Tax Ct. Memo LEXIS 73; 28 T.C.M. (CCH) 1178; T.C.M. (RIA) 69223; October 20, 1969, Filed *73 Maxwell H. and Dorothy Messenger, pro se, 9802 Winston Ave., Chicago, Ill., William L. Ringuette, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $295.72 in petitioners' Federal income tax for the year 1966 and an addition to tax of $14.79 under section 6653(a), Internal Revenue Code of 1954. The issues presented for decision are: (1) The amount of tip income received by petitioner Dorothy Messenger in 1966, and (2) if tip income was understated, whether such understatement was "due to negligence or intentional disregard of rules and regulations" within the meaning of section 6653(a). Findings of Fact Some facts have been stipulated and are so found. Maxwell H. Messenger and Dorothy Messenger are husband and wife, whose legal residence was Chicago, Illinois, at the time their petition was filed in this case. They filed their 1966 joint Federal income tax return with the district director of internal revenue, Chicago, Illinois. Dorothy Messenger (herein called petitioner) began working at the Martinique restaurant in Chicago on January 24, 1966. From that time *74 through the end of 1966 she worked as a waitress, occasionally helping out as a cashier. As a waitress she received 68 cents per hour plus tips; as a cashier she received $1.75 per hour with no tips. Petitioner had no prior experience as a waitress, and initially could not serve as many persons as an experienced waitress might. Like other waitresses at the Martinique, petitioner rotated from good tables to bad and from public rooms to banquet rooms. Petitioner rarely served as a cocktail waitress at the front bar; however, she did serve drinks in the dining room. Her cashier duty was limited to occasional busy evenings. Waitresses at the Martinique customarily turned over 10 percent of their tips to the busboys. For at least nine months of the year 60 percent of the Martinique's business consisted of banquets and private parties. For these the restaurant adds a 15 percent charge which it divides among the waitresses, except for odd change which is given to the busboys. Petitioner reported tip income of $440.75 in 1966. Records of the Martinique disclosed that petitioner failed to turn in Form 4070 reporting the amounts of her tips for six months of 1966. Petitioner admitted that *75 for three of these months she mistakenly believed that she was not required to turn in the Form 4070. Although petitioner was supplied with a booklet in which to keep a daily record of 1179 the tips she had received, she did not produce it at trial. Her records were either missing or destroyed. Petitioner also lacked records of the three missing forms which she claimed to have turned in. The Form 4070 is of no value to anyone but petitioner and her employer. Having ascertained that petitioner failed to file Form 4070 on a regular basis and believing that petitioner's tip income was understated, respondent's agent attempted to reconstruct her tip income. He divided the Martinique's total 1966 food and liquor sales by waitresses ($1,915,572.65) by the total number of hours worked by waitresses (163,618) to arrive at a figure of $11.70 in sales per waitress hour. Using a tip factor of 10 percent, respondent calculated that petitioner earned $1.17 in tips per hour for the 1707 hours she worked in 1966. Based on such formula, the total tip income of petitioner would be $1,997.19, or $1,556.44 more than petitioner reported on her Federal income tax return. Opinion It is well *76 settled that tips constitute compensation for services and must be reported as part of a taxpayer's gross income. Roberts v. Commissioner, 176 F. 2d 221 (C.A. 9, 1949). When taxpayers fail to keep adequate records of tip income, the Commissioner may reconstruct income in a reasonable manner. Mendelson v. Commissioner,, 305 F. 2d 519 (C.A. 7, 1962), affirming a Memorandum Opinion of this Court. The method used by respondent here was approved in the Mendelson case and by prior decisions of this Court. Petitioner has challenged the figures used in respondent's calculations, asserting that the figures should be lower because (1) she was inexperienced, (2) part of her time was spent as a cashier, (3) as waitress part of her time was spent setting up and cleaning up tables, (4) she normally did not serve cocktails apart from dinner so that no part of these sales ($184,215.89) should be attributed to her, and (5) the tip factor is too high. Petitioner testified that part of her time was spent helping out as a cashier. She also said that her cashier duty was initially infrequent because she was used only at peak times. The occasions seem to have occurred less *77 often than once a week. Respondent did not take petitioner's cashier duty into account. Nor did he allow for her inefficiency during her first few weeks on the job. Consequently, we think adjustment for both of these factors should be made by reducing petitioner's waitresshours by 10 percent, i.e., to 1536. We believe respondent was correct in including front-bar cocktail sales in computing petitioner's sales per hour. If, as petitioner contends, she served less than the average share of front-bar liquor, she must have served more than an average share of food and liquor in the dining room where she spent most of her time. Since the latter figures are greater than the frontbar sales, petitioner would actually have more tip income. However, with no estimate of petitioner's time in either the dining room or the front bar, it would be futile to attempt any refinement of respondent's figures on this point. Petitioner showed that a considerable part of her time was spent setting up and cleaning up tables after hours. However, since her duties in this respect did not differ from those of the other waitresses, her share of sales and her tip income would not be affected. We approve *78 respondent's tip factor of 10 percent. He has shown that during most of the year 60 percent of the Martinique's business consisted of banquets and the like, which carry a 15 percent gratuity charge. Virtually all of this goes to the waitresses. A small sampling of off-the-street business revealed tips average 15.2 percent. Even when these figures are offset by the 10 percent of tips which petitioner turned over to the busboys, respondent's tip factor seems quite reasonable under the circumstances. Petitioner's unexplained failure to keep required records of her tip income and her failure to report a substantial portion of such income is sufficiently "negligent" for the imposition of the 5 percent penalty under section 6653(a). See Mendelson v. Commissioner, supra; Barry Meneguzzo, 43 T.C. 824 (1965); Dorothy L. Sutherland, 32 T.C. 862 (1959). Decision will be entered under Rule 50. 1180