JOHN J. WHALEN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Whalen v. Commissioner
Docket No. 1516-74.
United States Tax Court
T.C. Memo 1976-137; 1976 Tax Ct. Memo LEXIS 269; 35 T.C.M. (CCH) 611; T.C.M. (RIA) 760137; April 29, 1976, Filed John J. Whalen Jr., pro se. Lowell F. Raeder, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $230 deficiency in petitioner's Federal income tax for 1971. The two issues for decision are (1) whether petitioner understated his tip income, and, if so, by how much, and *271 (2) whether petitioner qualified for "head of household" rates. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Philadelphia, Pennsylvania when he filed his petition. During 1971 he was employed as a cab driver by the Yellow Cab Co. of Philadelphia. When petitioner joined Yellow Cab, he was instructed that Yellow Cab would calculate his tip income, and that he need not keep a record of tips. Yellow Cab computed petitioner's tips at 10 percent of gross earnings. In 1971, Yellow Cab paid petitioner (and its other drivers) 48 percent of their total bookings. Petitioner's total bookings for 1971 were $6,415, and his gross earnings were $3,079 (48 percent of $6,415). Yellow Cab calculated petitioner's 1971 tip income at $308 (10 percent of $3,079). Petitioner reported $3,387 ($3,079 gross earnings plus $308 tips) on his 1971 Federal income tax return. In the statutory notice of deficiency respondent computed petitioner's tip income as $962, or 15 percent of total bookings. Petitioner testified that he understood that Yellow Cab calculated tip income on 10 percent of total bookings instead of 10 percent of his gross *272 earnings (which was 48 percent of total bookings). Petitioner's bookings ranged from $25 to $30 for an 8 or 9 hour working day. Tips for such a period would vary from a low of 50" to 75" to a high of $6 to $7 for the same 8 or 9 hour period. Petitioner did not keep any records of tips he received during 1971 while working as a driver for Yellow Cab. Petitioner testified that he could not statistically verify that his tip income was 10 percent of total bookings, but that he believed 10 percent was an accurate figure. Petitioner's tip income for 1971 was 10 percent of his total bookings for the year. David Sidorick, Jr., another cab driver had average gross bookings for an 8 to 9 hour period of $30 to $40, and his tip income would vary from a low of $2 to a high of $6 or $7 for such a period. Petitioner claimed Marilyn R. Buggey as a dependent on his 1971 Federal income tax return. He computed his income tax liability using the head of household rates provided in section 1(b). [1] Petitioner and Ms. Buggey were not related in 1971. During 1971 petitioner lived with Ms. Buggey in an apartment leased in her name. Petitioner and Ms. Buggey were married on August 3, 1973. Respondent *273 concedes that petitioner is entitled to a dependency deduction for Ms. Buggey in 1971 under section 152(a)(9). OPINION The first issue is whether petitioner omitted tip income in 1971, and, if so, how much. Petitioner reported tip income of 10 percent of his gross earnings (which was 48 percent of his total bookings). At trial petitioner contended that his tip income was 10 percent of total bookings. Respondent asserts petitioner's tip income was 15 percent of total bookings. Tips are includible as gross income under section 61(a). Section 1.61-2(a)(1), Income Tax Regs.; Harry A. Roberts,10 T.C. 581 (1948), affd. 176 F. 2d 221 (9th Cir. 1949). Petitioner had the responsibility of maintaining adequate records to reflect his tip income. Section 6001; section 1.6001-1(b), Income Tax Regs.; Barry Meneguzzo,43 T.C. 824 (1965); Dorothy L. Sutherland,32 T.C. 862 (1959). The fact that petitioner was advised by his employer that he need not maintain such records does not relieve petitioner of that responsibility. *274 Section 6001. Since petitioner failed to keep the necessary records, respondent is authorized to compute tip income using a method that would clearly reflect it. Section 446(b); [2]sections 1.446-1(a)(4), 1.446-1(b), Income Tax Regs.; Barry Meneguzzo,supra.Respondent determined that petitioner's tip income equaled 15 percent of gross bookings, or $962. Respondent's determination is presumptively correct, and petitioner has the burden of proving it erroneous. Barry Meneguzzo,supra;Dorothy L. Sutherland,supra.
Petitioner presented his own testimony and that of another driver regarding their daily total bookings and tip income. Petitioner testified that while he could not statistically verify that his tip income averaged 10 percent of total bookings, he believed that to be an accurate figure. As vague and *275 conclusory as was petitioner's evidence, we found it basically credible, and were left with the conviction that respondent's statutory notice had overstated petitioner's tip income. Petitioner's evidence sufficed, therefore, to overcome the presumption of correctness which inheres in respondent's determination. This left the case in a posture where the only evidence before us (respondent having presented no evidence) was that of petitioner. Under the circumstances, the preponderance of the evidence was therefore clearly with petitioner, and we have found his tip income to have been 10 percent of total bookings, i.e., $641.50. The second question is whether petitioner is entitled to use the head of household rates in computing his 1971 tax liability. Section 1(b) sets out the head of household rates. Section 2(b) defines head of household. A head of household is an unmarried taxpayer who maintains as his home a household which constitutes for the taxable year the principal place of abode, as a member of such household, of any person who is a dependent of the taxpayer, and with respect to whoe the taxpayer is entitled to claim a dependency exemption. Section 2(b)(1). So far *276 petitioner meets the definition of head of household. However, section 2(b)(3) contains "limitations" to the definition provided in section 2(b)(1), namely, taxpayer shall not be deemed a head of household by reason of having as a member of his household a dependent who is unrelated to him. Therefore, he is not entitled to employ the head of household rates. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Section 446(b) provides: If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.↩