HARRY G. FARMAKIS AND LAURIE A. FARMAKIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOYCE D. DURHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farmakis v. Commissioner
Docket Nos. 17718-84, 18044-84.
United States Tax Court
T.C. Memo 1986-419; 1986 Tax Ct. Memo LEXIS 188; 52 T.C.M. (CCH) 400; T.C.M. (RIA) 86419; September 8, 1986. Alan R. Harter, for the petitioners. Kenneth A. Burns, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In these consolidated cases, respondent determined that deficiencies in income tax and additions *189 to tax are due from petitioners as follows: Addition to Tax
Petitioner(s)
Year
Deficiency
Section 6653(a) [1]
Harry G. and
1980
$2,386.00
$119.30
Laurie A. Farmakis
1981
3,069.00
153.45, plus 50% of
docket No. 17718-84
interest on an under-
payment of $3,069.00
Joyce D. Durham
1980
3,913.58
195.68
docket No. 18044-84
1981
4,438.00
221.90, plus 50% of
interest on an under-
payment of $4,438.00
After concessions, three issues remain for decision: (1) whether petitioners underreported their tip income as determined by respondent; (2) whether petitioner Joyce D. Durham is relieved of income tax liability for unreported tip income in 1980 and 1981 under a certain "toke compliance program;" and (3) whether petitioners are liable for additions to tax under section 6653(a) for negligence or the intentional disregard of rules and regulations. FINDINGS OF FACT
*190 Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by reference. Petitioners in docket No. 17718-84, Harry G. and Laurie A. Farmakis, husband and wife, resided in Las Vegas, Nevada at the time they filed their petition. Joyce D. Durham, petitioner in docket No. 18044-84, also resided in Las Vegas when she filed her petition. During 1980 and 1981, Harry G. Farmakis (Harry) and Joyce D. Durham (Joyce) were employed as twenty-one dealers at the Stardust Hotel and Casino (Stardust). In addition to hourly wages, they, like all other twenty-one dealers at the Stardust, received tips or tokes, which were pooled during each twenty-four hour period and divided among the dealers on duty during such period. Harry reported toke income of $5,400 for 1980 $4,675 for 1981. Joyce reported toke income of $3,800 for 1980 and $2,050 for 1981. In late 1981 and early 1982, the Nevada District of the Internal Revenue Service initiated a take compliance program in an attempt to obtain full compliance by dealers in the reporting of their tokes for 1982 and subsequent years. Dealers who entered the program agreed to keep a daily *191 record of their toke income and to submit such record to the Internal Revenue Service on a monthly basis. They also agreed to make monthly reports of all toke income to their employer. Respondent agreed that in return for full compliance, dealers would not be subject to audits for pre-1982 years. During 1982, many twenty-one dealers from Stardust submitted daily records pursuant to the compliance program. Respondent used these records to compute the average hourly toke income of $8.67 [2] for dealers at Stardust. By multiplying the hourly average by the number of hours worked by Harry and Joyce respondent determined that Harry had unreported toke income of $12,278.13 in 1980 and $14,260.28 in 1981, and that Joyce had unreported toke income of $12,924.43 in 1980 and $15,272.66 in 1981. [3]
*192 OPINION (1) Toke Income
Tokes constitute compensation for services rendered and must be included in gross income under section 61. Catalano v. Commissioner,81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner,735 F.2d 1370 (5th Cir. 1984); Olk v. United States,536 F.2d 876 (9th Cir. 1976). All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Section 6001. When a taxpayer receives income from tips, the required records include an accurate and contemporaneous diary of such income. Section 1.6001-1(a), Income Tax Regs. Section 6053 and the regulations issued thereunder also require an employee to report the correct amount of any tips to his employer. Both Harry and Joyce claim to have kept a contemporaneous, accurate record of the toke income received. Harry produced two calendars on which he had allegedly entered his toke income for each week. The amounts recorded by Harry average only $2.65 per hour in 1980 and $2.14 per hour in 1981. In view of the substantial unexplained discrepancy between his average and that *193 reported by other Stardust dealers, we are unable to accept his figures at face value. Joyce did not produce any record of her toke income. She claimed her records were stolen in a burglary. At trial she produced a burglary report, which listed as missing various items such as jewelry and a fur coat, but did not include any reference to a record book. Consequently, we are unable to accept her statements as to the amount of tokes at face value especially in view of the substantial discrepancy between her figures and those reported by other dealers. In the absence of accurate records, respondent is authorized by section 446 to compute petitioners' toke income by any method which, in his opinion, clearly reflects such income. Meneguzzo v. Commissioner,43 T.C. 824, 831 (1965); Sutherland v. Commissioner,32 T.C. 862 (1959). Petitioners in each case have the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners contend that respondent's determination is erroneous because it is based on 1982 figures. Respondent, however, has great latitude in reconstructing *194 a taxpayer's income, Giddio v. Commissioner,54 T.C. 1530, 1532 (1970), and the reconstruction need only be reasonable under all of the surrounding facts and circumstances. Schroeder v. Commissioner,40 T.C. 30, 33 (1963). On the record before us, we find that respondent's method in each case was reasonable and produced a substantially correct result, especially in the absence of any showing by petitioners that they had less toke income in 1980 and 1981 than in 1982. (2) Joyce's Compliance with Program
Joyce contends that she is not liable for any income tax deficiencies in 1980 or 1981 because she complied with the program. However, in support of her claim, she presented no proof other than some inconclusive correspondence to and from the Internal Revenue Service. (3) Additions to Tax
Petitioners have failed to establish that they made and retained accurate records of their toke income as required by section 6001, and the record before us contains no evidence that tends to justify their failure to do so. Therefore, respondent's determination in each case with respect to the addition to tax under section 6653(a) is sustained. *195 Meneguzzo v. Commissioner,supra.
Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Because of an arithmetic error, respondent's original figure was $9.00 per hour, but respondent later corrected the error. ↩
3. Respondent's computation is as follows: ↩
Toke
Toke Income
Toke Income
Petitioner/Year
Income
Reported
Unreported
Farmakis/1980
$17,678.13
$5,400.00
$12,278.13
Farmakis/1981
18,935.28
4,675.00
14,260.28
Durham/1980
16,724.43
3,800.00
12,924.43
Durham/1981
17,322.26
2,050.00
15,272.66