DIMITRIOS & RODANTHI ZAHAROPOULOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zaharopoulos v. Commissioner
Docket Nos. 2900-89, 6581-89
United States Tax Court
T.C. Memo 1990-245; 1990 Tax Ct. Memo LEXIS 252; 59 T.C.M. (CCH) 619; T.C.M. (RIA) 90245; May 21, 1990, Filed Dimitrios and Rodanthi Zaharopoulos, pro se. David S. Kosterlitz, for the respondent. CANTREL, Special Trial Judge. CANTREL
*863 MEMORANDUM OPINION These consolidated cases were assigned and heard pursuant to section 7443A(b)(3) and Rule 180 et seq. [1]
Respondent, in his notices of deficiency issued to petitioners on November 22, 1988, and January 30, 1989, determined deficiencies in *254 petitioners' Federal income tax and additions to the tax for the taxable calendar years 1983, 1984, and 1985, in the following amounts: Additions to Tax
Years
Income Tax
Section 6653(a)(1)
Section 6653(a)(2)
1983
$ 206.00
$ 10.00
50% of the interest
due on $ 206.00
1984
$ 994.00
$ 50.00
50% of the interest
due on $ 994.00
1985
$ 589.00
$ 29.45
50% of the interest
due on $ 589.00
Following concessions, the issues for decision are whether Rodanthi Zaharopoulos, hereinafter referred to as petitioner, understated her income from tips in these years, and whether respondent properly determined additions to tax under section 6653(a). Petitioner and Dimitrios Zaharopoulos, husband and wife, filed joint returns for the years in issue. Petitioner worked part-time as a waitress at the Flaming Pit, Inc., Gaithersburg, Maryland, from 1980 to 1986. Respondent's remaining adjustments involve tip income earned by petitioner at this job. Some of the facts have been stipulated and are so found. The stipulations of facts and accompanying exhibits are incorporated herein by this reference. Petitioners resided in Gaithersburg, *255 Maryland, at the time their petitions were filed. Tips constitute compensation for services rendered and are therefore includable in gross income under section 61(a) and section 1.61-2(a)(1), Income Tax Regs. The principal issue in these cases is the amount of tip income earned by petitioner in 1983, 1984, and 1985. Section 6001 requires taxpayers to maintain sufficient records to establish their correct tax liability. Sec. 1.6001-1(a), Income Tax Regs. By necessity, persons receiving tip income must maintain accurate and contemporaneous diaries or records. If someone fails to maintain such records, or if the records do not accurately reflect the amount of tip income received, respondent is authorized to reconstruct income in accordance with such method as, in his opinion, clearly reflects the amount of income. Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); Sutherland v. Commissioner, 32 T.C. 862, 866-867 (1959). An employee receiving tips is also required under section 6053(a) to report all tips to the employer on a monthly basis. Section 6053 and the regulations *256 thereunder provide reporting requirements and rules for certain large food or beverage establishments to allocate to tipped employees the excess of 8 percent of gross receipts over the aggregate amount of reported tips. Sec. 6053(c)(3) and sec. 31.6053-3(d), Employment Tax Regs.
The Flaming Pit's Forms 8027, Employer's Annual Information Return of Tip Income and *864 Allocated Tips, prepared pursuant to section 6053 for 1983, 1984, and 1985, reflect the restaurant's total charged tips, total charge receipts, total tips reported by its tipped employees, gross receipts from food and beverage operations, the number of tipped employees, and an allocative tip amount of 8 percent of its gross receipts. An agent for the Internal Revenue Service (IRS), Agent Dodeja, prepared analyses of these forms for purposes of determining petitioner's allocable share of tip income in 1983 and 1984. Respondent determined $ 4,093 and $ 4,680 of unreported tip income for 1983 and 1984, respectively, using the following method. To the charged tip amount from the Forms 8027, Agent Dodeja added 10 percent of cash sales, thereby arriving at a total tip amount for the *257 restaurant for each year. Agent Dodeja applied a ratio of the hours petitioner worked in relation to the total hours worked by all tipped employees, to determine petitioner's allocable share of the total tip amount. From this amount, Agent Dodeja deducted 15 percent for tips paid to the buspeople. The tips petitioner reported to the restaurant for these years -- $ 1,313 and $ 1,757 -- were then subtracted. Agent Dodeja reduced the results by approximately one-third "for hours for setting up tables, when [taxpayer] did not earn tips, plus consideration is made since [taxpayer] worked only during lunch hour." Respondent's determination of unreported tip income for 1985 is based on the restaurant's own allocation prepared by Marianne Gulas (Ms. Gulas), the Flaming Pit's controller. At trial, Ms. Gulas explained that she divided an amount representing 8 percent of gross receipts by a ratio of petitioner's hours to total tipped employee hours to arrive at petitioner's allocable share of tips. Ms. Gulas decreased petitioner's share by the amount of tips petitioner reported receiving in 1985 -- $ 2,305. The end result was an allocation of unreported tip income to petitioner of *258 $ 4,559. On their joint returns for the years in issue, petitioners reported the amount of wages and tips included in Box 10 of the W-2 Forms received from the Flaming Pit. This amount reflected her hourly salary and the tips petitioner reported to the restaurant every two weeks. At trial, petitioner conceded that she inadvertently failed to report to the Flaming Pit approximately $ 200 of tip income received each year. She disputes the rest of the unreported tip income allocated to her by respondent and Ms. Gulas. Petitioner maintains that the amounts allocated to her are inherently erroneous for several reasons. The gross receipts figures from the Forms 8027 include dinner and bar receipts. Petitioner worked the lunch shift from 10:00 a.m. to 2:15 p.m. when meal prices were lower. The gross receipts figures on which the allocations are based do not differentiate between lunch, dinner or bar receipts. Furthermore, petitioner asserts, the Flaming Pit had several tipped employees who did not appear on the payroll. She argues that her allocative share of gross receipts is further distorted by the fact that the number of tipped employees on the Forms 8027 is understated. Her *259 testimony was uncorroborated. Petitioner introduced into evidence a small calendar in which she wrote down her tips each day after work during 1984 and 1985. She kept no record for 1983. By our calculations, she recorded receiving approximately $ 2,127 in 1984, and $ 2,437 in 1985. These amounts are somewhat higher than the $ 1,757 and $ 2,305 she reported to the Flaming Pit in 1984 and 1985. Beyond the $ 200 each year she admitted that she failed to report, the discrepancies were not adequately explained. Respondent deemed the calendar inadequate and used his statutory authority under section 446 to make a computation of the amount of petitioner's tips for all 3 years; using Agent Dodeja's calculations for 1983 and 1984, and Ms. Gulas' for 1985. Respondent's reconstruction of a taxpayer's income need not be exact; it must be reasonable under the facts and circumstances. Schroeder v. Commissioner, 40 T.C. 30, 33 (1963) (respondent attributed to taxpayer tip income in the amount of 12 percent of her total sales of food and liquor); Meneguzzo v. Commissioner, 43 T.C. at 831 (respondent's formula determined total tips to be 15 percent of table *260 sales reduced to reflect buspeople tips and other variations, then allocated to taxpayer an amount of tips using a ratio of tips per dollar of wages received); Sutherland v. Commissioner, 32 T.C. at 866-867 (respondent's formula used a ratio of tipped employees' wages to food sales, the average dollar amount of food sold by a waiter per dollar of wages, and an average tip amount of 10 percent of food sales). The basic premise of respondent's formula determining petitioner's tip income in 1983 and 1984 is reasonable and consistent with the above cited cases. Although Ms. Gulas' allocation method is less detailed than respondent's, we find it no less reasonable. The fact that the gross receipts figure used by Ms. Gulas includes dinner and bar amounts might overstate petitioner's allocable share of lunch receipts. The 8-percent allocation for tips, however, understates the average tipping rate by almost half. Agent Dodeja determined the average tipping rate for the restaurant's charge receipts to be 16 percent in 1983 and 14 percent in 1984. Petitioner *865 testified that about 90 percent of her lunch sales were charged. With regard to 1983, for which *261 petitioner kept no records, we cannot accept as the full discharge of a taxpayer's burden of proof mere estimates of income, or her unsubstantiated, uncorroborated, and self-serving testimony that the amounts reported in her returns are correct. To do so would mean that the Commissioner's adjustments would not be presumptively correct where the taxpayer swore to the correctness of his return. Sutherland v. Commissioner, 32 T.C. at 868. Furthermore, on balance, we find respondent's and Ms. Gulas' calculations to be more believable than the amount of tips petitioner recorded in her calendar for 1984 and 1985. Under the circumstances, we conclude the methods used by respondent and Ms. Gulas to determine petitioner's unreported tip income were not unreasonable and were the most realistic methods that could have been used with the information available. Petitioner has done nothing to convince us otherwise. Respondent also determined that petitioner is liable for additions to tax under section 6653(a) for all three years in issue. Section 6653(a) provides for an addition to tax where any part of an underpayment is due to negligence or intentional disregard of rules *262 and regulations. The burden of proof is on petitioners to show that the additions were improperly imposed. Enoch v. Commissioner, 57 T.C. 781 (1972). Section 6001 and the regulations thereunder require petitioner to keep adequate records. The record shows that petitioner maintained inadequate records of her tip income for 1984 and 1985, and no record for 1983. We are troubled by why the amounts recorded in the calendar differ from those she reported to the Flaming Pit, and further disturbed to note that the number 1 appears to have been made into a dollar sign in different ink at least a dozen times. We therefore find this calendar to be inaccurate and sustain respondent's determination for all three years. Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to section of the Internal Revenue Code in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩