RAY J. KURAS and VALERIE KURAS, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Kuras v. Commissioner
Docket Nos. 7669-77; 7984-77; 8287-77; 8395-77; 8472-77; 8554-77; 8578-77; 8579-77.
United States Tax Court
T.C. Memo 1980-32; 1980 Tax Ct. Memo LEXIS 553; 39 T.C.M. (CCH) 994; T.C.M. (RIA) 80032; February 5, 1980, Filed Don L. Bye,Jeanne M. Forneris and Robert C. Maki, for the petitioners. Jeffrey Lerner, for the respondent. QUEALY
MEMORANDUM FINDING OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in income tax and additions to tax for petitioners in these consolidated cases as follows: 1972
1973
Docket No.
Deficiency
6653(a)
Deficiency
6653(a)
Addition
Addition
7669-77
$ 365.44
$ 18.27
$ 300.63
$ 15.03
7984-77
94.50
4.58
409.73
20,49
8287-77
491.00
24.55
8395-77
144.00
7. 20
200.00
10.00
8472-77
326.92
16.35
703.00
35.15
8554-77
338.37
16.91
343.83
17.19
8578-77
295.73
14.79
323.41
16.17
8579-77
284.17
14.21
274.82
13.74
Total
$2337.13
$116.86
$2555.42
$127.77
*554 As a result of agreement by the parties, the following issues remain for decision: (1) Whether respondent's reconstruction of the income of petitioners based upon the sales of petitioners' employer was proper? (2) Whether discovery requests made by petitioners for disclosure of records and materials used by respondent as the basis for respondent's reconstruction were timely and/or were properly denied? (3) Whether petitioners are liable for additions to tax under section 6653(a) based upon their negligence and failure to keep adequate records? FINDINGS OF FACT Some of the facts have been stipulated by the parties. The stipulation of facts, together with the exhibits attached thereto, are incorporated by this reference. Petitioners Ray J. and Valerie Kuras (Docket No. 7669-77) resided in Proctor, Minnesota on the date the petition herein was filed. The petitioners filed joint income tax returns for the taxable years 1972 and 1973. Petitioner Donald M. Becker (Docket No. 7984-77) resided in Duluth, Minnesota on the date the petition herein was filed. Petitioner Becker filed joint income tax returns with his wife, Linda, for the taxable years 1972 and 1973. *555 Petitioner Mary M. Booth (Docket No. 8287-77) resided in Duluth, Minnesota on the date the petition herein was filed. Petitioner Booth filed an individual tax return for the taxable year 1972. The tax year 1973 is not at issue for petitioner Booth. Petitioner Cheryl L. Lindvall (Docket No. 8395-77) resided in Duluth, Minnesota on the date the petition herein was filed. Petitioner Lindvall filed individual income tax returns for the taxable years 1972 and 1973. Petitioner Beverly Thurston (Docket No. 8472-77) resided in Duluth, Minnesota on the date the petition herein was filed. The petitioner filed individual tax returns for the taxable years 1972 and 1973. Petitioner Florence Bodin (Docket No. 8554-77) resided in Duluth, Minnesota on the date the petition herein was filed. The petitioner filed individual tax returns for the taxable years 1972 and 1973. Petitioner Madeline Christiansen (Docket No. 8578-77) resided in Duluth, Minnesota on the date the petition herein was filed. Petitioner Christiansen filed individual income tax returns for the taxable years 1972 and 1973. Petitioners Robert D. and Joyce M. Nylen (Docket No. 8579-77) resided in Duluth, Minnesota *556 at the time the petition herein was filed. Petitioners Nylen filed joint income tax returns for the taxable years 1972 and 1973. Respondent determined that petitioners had unreported income from tips received during 1972 and 1973. The following chart shows a comparison of wages and tips as reported by petitioners and the additional tip income as determined by respondent. All petitioners were employed by the Chinese Lantern Restaurant for some portion of the period 1972 - 1973. 1972
1973
Petitioners,
Wages &
Add'l
Wages &
Add'l
Docket Nos.
tips
tip
tips
tip
reported
income
reported
income
per S/N
per S/N
Kuras, 7669-77
Evening shift
Dining Room
3251.16
1670.46
3218.15
1538.15
Becker, 7984-77
524.76
467.16
2877.27
2028.61
Booth, 8287-77
4 mo. Lunch hrs.
8 mo. bar waitress
2915.74
2627.74 *
Lindvall, 8395-77
Evening shift
2832.77
1720.77 *
3237.00
1681.35 *
Thurston, 8472-77 #
11-5 p.m. shift
weekdays
2432.19
2019.35 *
3494.46
2763.46 *
Bodin, 8554-77 degree
4222.42
1629.38 *
4122.91
1691.35 *
Evening shift &
11-6 pm Sunday
Christiansen, degree
8578-77
Evening shift
3250.41
1330.41 *
3797.05
1337.05 *
Nylen, 8579-77
Waitress 3 days
per week &
Hostess cashier
3668.47
1280.00
3156.90
1250.00
*557 During 1972 and 1973, the Chinese Lantern Restaurant [CLR] was one of the best known restaurants in Duluth. CLR was located near the major hotels in downtown Duluth. CLR attracted both out of town and local clientele. CLR served both Chinese and American food; it was well known for certain of its steak dishes. The average price of a dinner at CLR during 1972 and 1973 was approximately $6.00. CLR seats approximately 220 in the restaurant proper and another 50 persons at the cocktail bar, which served only sandwiches and hors d'oeuvres during 1972 and 1973. CLR was generally filled during peak lunch and dinner hours. On the average, seven to ten waitresses were on duty during the lunch hour. The same number of waitresses was employed on weekday nights. On Saturday nights, an average of 11 to 14 waitresses was on duty. Respondent computed the gross and net sales of CLR based upon the books and records of CLR. Using this computation, and after making adjustments for sales tax, take-out sales, and a general adjustment factor, respondent determined *558 that petitioners had received tip income in an amount equal to the amount of their wages. The following chart demonstrates the method used by respondent to arrive at this determination. TOTAL TIP INCOME COMPUTATION
[SEE TABLE IN ORIGINAL] Waitresses employed at CLR has a responsibility for duties in addition to waiting on tables. [2] All waitresses at CLR were required to perform these duties and none of the petitioners has established that she performed more than the usual amount of these tasks. Some of the petitioners worked only during lunch time hours. Although all parties agree that the cost of meals at lunch is less than that at dinner, there is no evidence in the record to quantify this difference. During 1972 and 1973, large parties were served in the main dining room by the (waitresses) assigned to that station. Petitioners failed to establish any *559 quantitative difference in tipping practices of large parties as opposed to small parties. Waitresses at CLR were also responsible for computing the tab for the meals eaten. If there were errors in this computation, the waitress responsible for the error was required to pay the amount of the error. This payment was made either out of the next day's tips or out of the waitress's wages. It was the policy at CLR for waitresses to split their tips with bus boys and pantry personnel. Tip splitting was done on a purely voluntary basis without the supervision of anyone in the management of CLR. It is the respondent's position that the adjustment made to net sales of CLR took into account all of the above factors. OPINION The primary issue in this case concerns the respondent's use of a formula to determine the amount of petitioners' tip income earned while employed at the Chinese Lantern Restaurant. Tip income is includable in gross income under section 61(a). [3]Meneguzzo v. Commissioner,43 T.C. 824 (1965); Schroeder v. Commissioner,40 T.C. 30 (1963); Roberts v. Commissioner,10 T.C. 581 (1948); affd. 176 F.2d 221 (9th Cir. 1949). *560 Taxpayers are required by section 6001 [4] to keep such records as may be required by the Secretary. The Tax Court has consistently upheld the requirement contained in section 1.6001-1, Income Tax Regs., [5] that taxpayers keep such records as would establish the amount of tip income. Schroeder v. Commissioner,supra;Anson v. Commissioner,328 F.2d 703 (10th Cir. 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner,305 F.2d 519 (7th Cir. 1962), affirming a Memorandum Opinion of this Court. *561 If a taxpayer fails to keep the required records, or the records do not clearly reflect income, respondent is authorized by section 446 [6] to compute taxable income in accordance with such method as, in his opinion, does clearly reflect income. Meneguzzo v. Commissioner,supra;Sutherland v. Commissioner,32 T.C. 862 (1959). Only two of the petitioners herein made any attempt to keep records of the tips they received. Petitioner Bodin kept records only at the end of the week; petitioner Christiansen recorded tip information only until August of 1972. These attempts at record keeping do not meet the requirements of the regulations. Since none of the petitioners herein maintained records of tip income which satisfy the requirements of the Code, it is permissible for the Commissioner to use his statutory *562 authority under section 446 to make a computation of the amount of tip income in accordance with a method which clearly reflects such income. Schroeder v. Commissioner,supra;Sutherland v. Commissioner,supra.
Where a taxpayer maintains no records, incomplete records or inaccurate records, both the Commissioner and the Court have no other recourse than to reconstruct income in the most reasonable way possible. Such reconstructions are rarely, if ever, going to be exact. Nor will they necessarily consider the myriad factors which effect tipping practice. [7]
Respondent's determination of petitioner's tip income is presumptively correct and petitioner bears the burden of proving it erroneous. Welch v. Helvering,290 U.S. 111 (1933); Meneguzzo v. Commissioner,supra;Rule 142, Tax Court Rules of Practice and Procedure.
Here, respondent computed the net food sales of petitioners' employer, adjusted for take-out sales, liquor sales, bar sales, and using a catchall adjustment for *563 other factors, determined that for the "average" waitress at CLR, tips were equal in amount to the wages received. Respondent did not attempt to ascertain the effect on tip income of factors such as the hours worked, work in the bar as opposed to the restaurant proper, tipping practices of large parties at CLR, and tip splitting with busboys and pantry personnel. Petitioners argue that the deficiency notice was arbitrary and excessive since these factors were not specifically considered. However, petitioners presented no proof, other than their self-serving testimony, to establish the incorrectness of respondent's determination. Mere estimates of income or unsubstantiated testimony that amounts reported in petitioners' returns are correct are not sufficient to overcome the presumption of correctness attaching to respondent's determination. For this Court to hold otherwise would mean that the Commissioner's adjustments would not be presumptively correct whenever the taxpayer swore to the correctness of his return. Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F.2d 500 (2nd Cir. 1949), cert. denied 338 U.S. 949 (1949). If petitioners *564 fail to meet their burden of proof by presenting competent proof of the amounts of tips received, the respondent's determination of the amount must be sustained. Sutherland v. Commissioner,supra, at 866. Accordingly, we find that respondent's presumptively correct determination that wages equal tips has not been refuted by petitioners. We note that no petitioner has demonstrated to the Court either at trial or in brief, any factor not already taken into consideration by the respondent during audit procedures which would indicate that they did not fit within the category of "average waitress" at CLR. [8]
We note that petitioners herein all did well at this line of work. We can assume that if they did not do well they would not continue to be so employed. Most of the petitioners continue to be employed as waitresses at the present time. Many are still employed at CLR. We must conclude that CLR was a good place to work. Otherwise, petitioners would have found another restaurant where they would have the opportunity to make more money. *565 Under the circumstances we think the method used by respondent to determine the tip income was not arbitrary or capricious. We now turn to petitioners' requests for discovery of the basis of the formula used to compute additional tip income. Upon examination of the record herein, we confirm our earlier finding that respondent has fully cooperated with all requests for information made by petitioner. Furthermore, petitioners' formal motion for discovery was not timely and was properly denied. Rule 70(a)(2), Tax Court Rules of Practice and Procedure.
In conclusion, petitioners understated their income for each of the taxable years. Petitioners failed in their burden of proof largely because they failed to keep written records which were adequate to meet the requirements in the regulations. Accordingly, petitioners were negligent and must bear the tax consequences. Since this negligence resulted in an underpayment, we hold the additions to tax under section 6653(a) were proper. Meneguzzo v. Commissioner,supra;Schroeder v. Commissioner,supra.
Decision will be entered for respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Donald M. Becker, Docket No. 7984-77; Mary M. Booth, Docket No. 8287-77; Cheryl L. Lindvall, Docket No. 8395-77; Beverly Thurston, Docket No. 8472-77; Florence Bodin; Docket No. 8554-77; Madeline Christiansen, Docket No. 8578-77; Robert D. and Joyce M. Nylen, Docket No. 8579-77. All the cases here consolidated were originally designated as small tax cases. At a hearing on June 22, 1978, counsel representing all petitioners requested that the cases be removed from small tax case status and calendared for trial as regular cases. That request was granted by order of the Court dated June 22, 1978.↩
*. No records of tipping maintained ↩
#. No tip splitting↩
degree. Kept records respondent claims incomplete and irregular ↩
2. Though these duties were described in detail at trial, and some testimony indicated that these duties consumed two hours of each shift, the required duties seem to be those generally performed by waitresses: i.e. setting up tables, cleaning service areas, cleaning the coffee urn, and folding napkins.↩
3. Unless otherwise indicated, all statutory reference are to the Internal Revenue Code of 1954, as amended. ↩
4. SEC. 6001. NOTICE OR REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS. Every person liable for any tax imposed by his title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe.* * * ↩
5. SEC. 1.6001-1 RECORDS (a) In general. Except as provided in paragraph (b) of this section, any person subject to tax under subtitle A of the Code, or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information. (b) Farmers and wage-earners. Individuals deriving gross income from the business of farming, and individuals whose gross income includes salaries, wages, or similar compensation for personal services rendered, are required with respect to such income to keep such records as will enable the district director to determine the correct amount of income subject to the tax. It is not necessary, however, that with respect to such income individuals keep the books of account or records required by paragraph (a) of this section. * * *↩
6. SEC. 446. GENERAL RULE FOR METHODS OF ACCOUNTING. (b) Exceptions.-If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.↩
7. See, for example, Saukerson v. Commissioner,34 T.C.M. 814, 1975 P-H TC Memo P75,188 (1975)↩.
8. See, for example, Sanders v. Commissioner,39 T.C.M. 27, 1979 P-H TC Memo P79,352 (1979)↩.