George John KILLORAN,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 82–7011.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 1982.

Decided June 23, 1983.

George John Killoran, pro se.

Jonathan S. Cohen, Washington, D.C., for respondent-appellee.

Before DUNIWAY, SKOPIL and FLETCHER, Circuit Judges.

DUNIWAY, Circuit Judge:

■ We affirm a tax court decision assessing deficiency and hold that a taxi cab driver's tips, regardless of how state law may treat them, are income for federal income tax purposes.

Appellant Killoran drove a cab in Reno, Nevada, during 1979. He stipulated in the tax court that during that year he received tips totaling $1,608.70, and that he did not report those tips on his federal income tax return. The tax court assessed a deficiency of $288 in unpaid taxes, plus $14.40 negligence penalty, and denied a motion for review. This appeal, of the tax assessment only, followed.

Killoran argues that his tips are not taxable income, but non-taxable gifts. *Compare* 26 U.S.C. § 61 *with* § 102. We have held to the contrary. *Cracchiola v. C.I.R.,* 9 Cir., 1981, 643 F.2d 1383, 1384 (waiter's tips); *Olk v. United States,* 9 Cir., 1976, 536 F.2d 876, 879 (casino craps dealer's "tokes"); *Roberts v. C.I.R.,* 9 Cir., 1949, 176 F.2d 221, 225–226 (taxi driver's tips). *See* Treas.Reg. § 1.61–2(a)(1) (1960).

Killoran argues that his customers tipped him out of a "detached and disinterested generosity" because they "like[ed] and respect[ed]" him, and that he accepted the tips "only on the condition that they were given as gifts and not compensation for cab services performed." Notwithstanding any voluntariness Killoran may have perceived, "there is an element of compulsion in tipping." *Roberts,* 176 F.2d at 223. It does not matter, as Killoran argues, that tips were bestowed at the end of the ride, "without any strings;" they were paid with the fare "as a token of better service received." *Id.* at 226. Because they are thus "in return for services rendered, it is irrelevant that the donor derive[d] no economic benefit from" them. *C.I.R. v. Duberstein,* 1960, 363 U.S. 278, 285, 80 S.Ct. 1190, 1197, 4 L.Ed.2d 1218.

■ The tax status of income is not, as Killoran contends, finally determined by state law. For example, he argues that Nevada Rev.Stat. § 706.8849(1)(c), prohibiting a cab driver from charging any passenger more than the charge shown on the

meter, limits the driver's taxable income to that amount. But such a state law does not define taxable income for purposes of the federal income tax. *See Andrews v. United States,* Ct.Cl., 1961, 295 F.2d 819, 820. We express no opinion on Killoran's argument that § 706.8849(1)(c) makes any payments exceeding the meter amount illegal. Even if they are illegal, they are still income to Killoran. *Avery v. C.I.R.,* 9 Cir., 1978, 574 F.2d 467 (income from heroin sales). It is equally irrelevant that Nevada does not consider tips as wages on which to calculate unemployment or workers compensation benefits, or that federal social security taxes are not payable by employers on tips. Many non-wage items are taxable by the federal government as income. *See, e.g., Central Illinois Public Service Co. v. United States,* 1978, 435 U.S. 21, 25, 98 S.Ct. 917, 919, 55 L.Ed.2d 82 (lunch reimbursement furnished employees taxable income to them but not "wages" for purpose of employer's withholding obligations; "The two concepts—income and wages—obviously are not necessarily the same.").

Moreover, 26 U.S.C. § 274(b) does not, as Killoran claims, control the question of whether his tips are gifts or income to him. It relates to a separate issue, the extent to which payments already defined as gifts are deductible by the giver.

Finally, we find no merit in Killoran's contention that the tax court denied him due process by failing to address his arguments and by misleading him into not briefing the issues in that court. There is nothing in the record indicating the issues he raised were not fully and fairly considered.

Affirmed.