PEGGY A. KELLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keller v. Commissioner
Docket No. 7155-82.
United States Tax Court
T.C. Memo 1984-314; 1984 Tax Ct. Memo LEXIS 363; 48 T.C.M. (CCH) 332; T.C.M. (RIA) 84314; June 20, 1984. Peggy A. Keller, pro se. Jennifer H. Decker, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
Sec. 6653(a)
1978
$493.00
$24,65
1979
434.00
21.70
The issues *364 for decision are whether petitioner received unreported tip income during 1978 and 1979, and if so, whether petitioner is liable for the negligence addition to tax pursuant to section 6653(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Cincinnati, Ohio, when she filed her petition in this case. Petitioner timely filed her 1978 and 1979 Federal income tax returns with the Internal Revenue Service Center, Cincinnati, Ohio. During 1978 and 1979, petitioner was employed as a beautician at the Canned Ego Beauty Salon in Cincinnati, Ohio, from which she had gross sales of $22,535.15 and $20,865.00, respectively. Other beauticians working at the Canned Ego Salon during the years in issue received tip income equal to approximately 7.5 percent of their gross sales. In her 1978 and 1979 Federal income tax returns, petitioner reported the following wage and tip income: Year
Wages
Tips
1978
$12,178.00
1979
11,518.75
$41.25
Petitioner maintained no records from which her tip income could be determined. In the *365 notice of deficiency, respondent reconstructed petitioner's tip income by multiplying her gross sales by 7.5 percent, the percentage of tip income reported by other beauticians at the Canned Ego Salon, and by subtracting therefrom the tip income that petitioner reported. [2] As a result of these calculations, respondent determined that petitioner failed to report $1,585.00 and $1,572.00, respectively, on her 1978 and 1979 Federal income tax returns. [3]
OPINION The first issue for decision is whether petitioner received unreported tip income during 1978 and 1979 in the amounts determined by respondent. Tips are includable in gross income as *366 compensation for services rendered, section 61(a); section 1.61-2(a)(1), Income Tax Regs.; Killoran v. Commissioner,709 F. 2d 31 (9th Cir. 1983), affg. a Memorandum Opinion of this Court; Schroeder v. Commissioner,40 T.C. 30, 33 (1963), and taxpayers are required to keep records sufficient to enable respondent to determine their correct tax liability. Sec. 6001. Because petitioner did not maintain any records of her tip income, respondent is authorized by section 446 to compute petitioner's tip income for 1978 and 1979 in accordance with a method which, in his opinion, clearly reflects such income. Sutherland v. Commissioner,32 T.C. 862 (1959). Petitioner bears the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner has presented absolutely no testimony to refute respondent's determination of her tip income. Instead, petitioner relies on Weimerskirch v. Commissioner,596 F. 2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), to support her belief that the notice *367 of deficiency is arbitrary. We find that Weimerskirch is not relevant and that respondent's determination must be sustained. Weimerskirch, involving a determination of taxable income based on unreported sales of heroin, required that, before the presumption of correctness can attach, respondent must offer some foundational support for the deficiency determination by linking the taxpayer with the alleged illegal income-producing activity. Weimerskirch v. Commissioner,supra at 362. In the instant case, petitioner does not dispute that she worked as a beautician at the Canned Ego Salon. Furthermore, respondent has established that petitioner's co-workers received tip income and that at least one earned an average tip income of 7.5 percent of gross sales during the years in issue. Respondent's deficiency determination therefore is entitled to its usual presumption of correctness. Since petitioner presented no testimony to refute respondent's determination, we sustain respondent's determination of petitioner's tip income during 1978 and 1979. We must next decide whether petitioner is liable for the additions to tax for negligence under section 6653(a). *368 Petitioner was negligent in failing to maintain accurate records of her tip income as required by section 6001, and she presented no evidence to justify her conduct. Respondent's determination of the negligence additions to tax is therefore sustained. Meneguzzo v. Commissioner,43 T.C. 824, 836 (1965). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. In making this calculation, respondent erroneously deducted $105.20 from the estimated gross tip income petitioner received during 1978. ↩
3. In the notice of deficiency, respondent computed petitioner's unreported tip income as follows: ↩
1978
1979
Gross sales
$22,535.15
$21,502.07
Percentage of gross sales
received as tip income
7.5%
7.5%
Gross tip income received
1,690.14
1,612.66
Less tip income included in
W-2 income
105.20
41.03
Unreported tip income (rounded)
$ 1,585.00
$ 1,572.00