CHARLOTTE FRANCIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Francis v. Commissioner
Docket No. 1129-82.
United States Tax Court
T.C. Memo 1985-6; 1985 Tax Ct. Memo LEXIS 624; 49 T.C.M. (CCH) 443; T.C.M. (RIA) 85006; January 3, 1985. Charlotte Francis, pro se. Gail K. Gibson, for the respondent. SHIELDS MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency *625 in petitioner's income tax for 1978 in the amount of $1,272 and an addition to tax under section 6653(a) [1] in the amount of $63.60. The issues are (1) the amount of petitioner's tip income and (2) whether the addition to tax under section 6653(a) is due because of petitioner's negligence or intentional disregard of applicable rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner's residence during 1978 and at the time of filing her petition was Las Vegas, Nevada. During 1978 she worked 1,732.5 hours as a cocktail waitress at the casino in the Las Vegas Hilton. For approximately 83 percent of the time, or 1,439 hours, she was assigned to the area where the slot machines were concentrated. Her job was to walk about in the assigned area and offer complimentary drinks to the people playing *626 the machines. She received an hourly wage from the Hilton and was allowed to keep any tips received from the players. During 1978 petitioner kept a record on a calendar of the tips she received. She did not record the tips on a daily basis. Instead she made an entry for each day on a weekly basis, usually on her days off. She relied on her memory for the amounts received during the week. For the year she recorded a total of $4,336 in tips, for an average of $2.50 per hour worked. She reported $3,100 in tips to the Hilton and $4,100 on her Federal income tax return for 1978. For the year 1978, the Hilton was a Tip Project for respondent's agents. This examination of its records revealed that complimentary drinks were recorded at $1.00 per drink. The records also reflected that $341,890 in such drinks were served during the year by all the waitresses in the area of the slot machines and that the total hours worked by all such waitresses was 12,127. From interviews with various employees of Hilton, respondent's agents concluded that (1) approximately 50 percent of the customers receiving complimentary drinks gave no tip to the waitresses; (2) the waitresses gave *627 approximately ten percent of their total tips to the bartenders; and (3) waitresses spent one-eighth of their time on breaks during which they received no tips. Petitioner does not dispute these findings. Based upon the above findings, plus an assumed average tip per drink of $ .50 on all drinks where a tip was received, respondent computed an average tip rate per hour of $5.55 for all waitresses in the slot machine area. [2]
Respondent then calculated petitioner's total tip income *628 as follows: Area Rate
Number of Hours
Recomputed
Area
Per Hour [3]
Worked In Area
Tip Income
Pit
$8.36
199.5
$ 1,667.82
Keno
4.25
40  170.00
Poker
6.09
16  97.44
Slots
5.55
1,439.5
7,960.44
Crystal Lounge
5.34
37.5
200.25
Totals
1,732.5
$10,095.95
OPINION (1) Tip Income
Tips are includable in gross income since they constitute compensation for services rendered. Section 61(a); section 1.61-2(a)(1), Income Tax Regs.; Killoran v. Commissioner,709 F.2d 31 (9th Cir. 1983), affg. T.C. Memo. 1981-659; Roberts v. Commissioner,176 F.2d 221 (9th Cir. 1949), affg. 10 T.C. 581 (1948); Schroeder v. Commissioner,40 T.C. 30, 33 (1963). All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Section 6001.When a taxpayer receives income from tips, the required records include an accurate and contemporaneous diary *629 of such income. Section 1.6001-1(a), Income Tax Regs. Furthermore, under section 6053 and the regulations issued thereunder, the employee is required to report the correct amount of the tips to his or her employer. Petitioner maintained a tip record for 1978. The accuracy of her record is somewhat questionable, however, because (1) the entries were not made daily but only once a week from memory and (2) the amounts recorded are considerably more than the amounts reported to her employer during the year and on her income tax return at the end of the year. She testified that the entries were not made daily because she did not have sufficient time until her day off after performing her duties at Hilton and taking care of her family. With respect to the amounts reported to Hilton, she readily admitted that they were understated in order to avoid the prepayment of the income tax through withholding. In view of the doubt case on her record by the manner in which it was kept and on her credibility by the discrepancies between her record and her reports to Hilton and respondent, we are not required to accept her testimony or her record at face value. Avery v. Commissioner,574 F.2d 467 (9th Cir. 1978), *630 affg. a Memorandum Opinion of this Court; Factor v. Commissioner,281 F.2d 100, 111 (9th Cir. 1960), affg. a Memorandum Opinion of this Court. See also Nichols v. Commissioner,T.C. Memo. 1983-242. Furthermore where, as here, doubt exists with respect to the accuracy of the records kept by the taxpayer, respondent is authorized by section 446 to compute the income by any method which, in his opinion, clearly reflects the correct amount. Meneguzzo v. Commissioner,43 T.C. 824, 831 (1965); Sutherland v. Commissioner,32 T.C. 862 (1959). When this occurs the taxpayer has the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). However, the method adopted by respondent must produce a result which is reasonable and substantially correct. Mendelson v. Commissioner,305 F.2d 519, 523 (7th Cir. 1962). The record in this case contains no evidence as to how respondent arrived at an average tip of $ .50 for each drink for which a tip was received. Moreover, at trial, respondent's agent testified that she was not *631 certain that any of the waitresses working in the area of the slot machines were interviewed during the project. She also testified that the shift worked by the petitioner (10:00 a.m. to 6:00 p.m.) did not produce as much in tips as the swing shift (6:00 p.m. to 2:00 a.m.). On the other hand, petitioner, whose testimony throughout was forthright, candid, and credible, stated without equivocation that an average tip of $ .50 in her area and during her shift was excessive. In addition to the above, the record is also devoid of any explanation of how respondent arrived at the average rates per hour used in his computation for the tips earned by petitioner in the 17 percent of the time she worked in the Pit, Keno, Poker and Lounge areas. From the record as a whole, and bearing heavily against petitioner because of her failure to keep proper records, we conclude that her average hourly tip rate for 1978 for all work performed at the Hilton was $3.50. (2) Addition to Tax Under Section 6653(a)
Negligence by petitioner in this case is somewhat questionable because she did keep records of her tips and under the circumstances her weekly entries rather than daily entries is at *632 least understandable. However, in her forthright and candid manner she readily admitted that she deliberately understated her tips to Hilton at times in order to reduce her withholding tax and provide her with more current income. Such action constitutes an intentional disregard for the applicable regulations and, therefore, the addition to tax under section 6653(a) is sustained. Meneguzzo v. Commissioner,43 T.C. 824 (1965). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.↩
2. Respondent's computation is as follows: ↩
A. Number of Drinks Served: 1. Complimentary sales to slots
$341,890.00 2. Divided by per-drink charge
1.00 3. Total drinks served
341,890.00 B.Tips Per Hour: 1. Total drinks served
341,890.00 2.Less: 50% stiff rate
(170,945.00)
3. Adjusted drinks served
170,945.00 4. Times average tip per drink
.50 5. Gross tips
$ 85,473.00 6. Less: 10% paid out to bartenders
(8,547.00)
7. Adjusted tips
$ 76,926.00 8. Total hours by all servers
12,127 9. Average tips per hour
(Line 7 divided by Line 8)
$ 6.34 10. Tips per hour after adjustment
for breaks
(7/8 of Line 9)
$ 5.55 3. The record contains no evidence as to how the respondent arrived at the tip rate per hour for waitresses serving the Pit, Keno, Poker and Lounge areas.↩