DALENE T. BUBECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bubeck v. Commissioner
Docket No. 34900-83.
United States Tax Court
T.C. Memo 1986-378; 1986 Tax Ct. Memo LEXIS 230; 52 T.C.M. (CCH) 198; T.C.M. (RIA) 86378; August 14, 1986. Kevin O. O'Brien, for the petitioner. James B. Martin, Jr., for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined *231 a deficiency in petitioner's income tax for 1981 in the amount of $652.00 and an addition to tax under section 6653(a) [1] in the amount of $32.60. There are two issues for decision: (1) Whether respondent correctly determined the tip income received by petitioner during 1981; and (2) whether petitioner is liable for the addition to tax under section 6653(a) for negligence or the intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference. Petitioner resided during 1981 and at the time of filing her petition in Denver, Colorado. In 1981 she worked as a waitress at a restaurant called Baby Doe's Matchless Mining (Baby Doe's). She began working at Baby Doe's in February and worked through June and again from September through December. She worked a total of 849.5 hours, 123 as a cocktail server, 707.25 as *232 a food server on both day and night shifts, and 19.25 at employee meetings. The hours worked as a food server included 55 hours during which petitioner trained new employees. Under Baby Doe's policy, a trainer was entitled to all tips earned by the trainer or her trainee. Food servers at Baby Doe's worked from one of several stations at the restaurant. They were rotated from station to station, with a complete rotation taking approximately two months. It was Baby Doe's policy to rotate the food servers impartially, fairly, and evenly. Petitioner was paid biweekly. Each salary check reflected the hourly wages for the two-week period as well as the amount of tip income she had reported to Baby Doe's for such period. [2] It was petitioner's responsibility to keep account of her tip income and report it to Baby Doe's on a biweekly basis. During 1981, petitioner reported to Baby Doe's tip income totaling $831.95. During her first period of employment, from February through June, petitioner recorded her tips daily in *233 a notebook kept in her car. From September through December she recorded the tips on separate sheets of paper, which also were kept in her car. After each period of employment she destroyed the records. Respondent determined the tip income of petitioner by using the charge sales records of the restaurant. Using a 28-day sample of credit card receipts reflecting tips, which sample was taken randomly from all of Baby Doe's credit card receipts in 1981, respondent determined that on the average day shift food servers received tips of $4.74 per hour, night shift food servers received tips of $5.85 per hour, and cocktail servers received tips of $4.87 per hour. [3] With these averages, respondent determined that petitioner had unreported tip income of $3,512.64 as follows: Category Worked
Hours
Rate
Total
Day Shift Food Server
353.00 [4]
$4.74
$1,673.22
Night Shift Food Server
354.25
5.85
2,072.36
Cocktail Server
123.00
4.87
599.01
Total Tip Income
$4,344.59
Tip Income Reported to Baby Doe's
831.95
Unreported Tip Income
$3,512.64
*234 OPINION (1) Tip Income
Tips are includable in gross income since they constitute compensation for services rendered. Section 61(a); section 1.61-2(a)(1), Income Tax Regs.; Killoran v. Commissioner,709 F.2d 31 (9th Cir. 1983), affg. T.C. Memo. 1984-659; Roberts v. Commissioner,176 F.2d 221 (9th Cir. 1949), affg. 10 T.C. 581 (1948); Schroeder v. Commissioner,40 T.C. 30, 33 (1963). All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Section 6001. When a taxpayer receives income from tips, the required records include an accurate and contemporaneous diary of such income. Section 1.6001-1(a), Income Tax Regs. Section 6053 and the regulations issued thereunder, also require the employee to report the correct amount of the tips to their employer. In this case petitioner temporarily kept records of her tip income, but she was unable to produce them for respondent's inspection and at trial because she had destroyed them. Respondent, therefore, is authorized by section 446 to compute petitioner's tip income by any method which, in *235 his opinion, clearly reflects such income. Meneguzzo v. Commissioner,43 T.C. 824, 831 (1965); Sutherland v. Commissioner,32 T.C. 862 (1959). Petitioner has the burden of proving that his determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner disputes respondent's determination on the following grounds: (1) She had a poor attitude towards her job and, consequently, experienced a stiff rate higher than that used by respondent; (2) she was assigned initially to stations that were not very busy; (3) she worked many day shifts, during which business was slow; (4) respondent used an erroneously low tip-out rate for busboys; (5) during the hours she served as a trainer, she let the trainee keep all the tips; and (6) of her hours as a food server, she only worked 123 hours on the night shift, not the 354.25 hours used by respondent in his calculations. With respect to all of the above grounds except the fifth and the sixth, petitioner has failed either to establish the truth of the assertion or to demonstrate its effect upon respondent's determination. With respect to the fifth ground, however, *236 we are satisfied from her testimony that while serving as a trainer petitioner permitted the trainee to keep all the tips and, as a result, petitioner received no tip income during the 55 hours of training. We are also satisfied that she only worked 123 hours on the night shift. Therefore, the unreported tip income as determined by respondent will be reduced accordingly. While we recognize that petitioner may have earned less in tips than the averages computed by respondent, it was petitioner's responsibility to keep and produce at trial records of such tips or to show that respondent's calculations are not substantially correct. Petitioner having failed to do either, respondent's determination has to be sustained, except as provided above. (2) Addition to Tax
Petitioner admittedly failed to make and retain an accurate record of her tip income as required by section 6001 and the record contains no evidence which tends to justify her failure to do so. Therefore, respondent's determination with respect to the addition to tax provided by section 6653(a) is sustained. Meneguzzo v. Commissioner,43 T.C. 824, 836 (1965). Decision will be entered under *237 Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. The tip income was included in petitioner's gross pay for the period solely for the purpose of determining the amount of tax to be withheld from the wages.↩
3. Respondent's computation is as follows: ↩
Day Shift
Night Shift
Cocktail
Food Server
Food Server
Server
Baby Doe's Sales Allocated
to Each Category
$494,505.57 $1,864,206.17 $234,319.22 Less Stiffs and Other
Reduction Factors
X .90 X .90 X .80 $445,055.01 $1,677,785.55 $187,455.38 Times the Tip Percentage
X .1476 X .1456 X .1725 $ 65,690.12 $ 244,285.58 $ 32,336.05 Less Tipouts
Food Servers 15% to Busboys
(9,853.52)
(36,642.84)
Food Servers 10% to Bartenders
(6,569.01)
(24,428.56)
Cocktail Servers 10% to
Bartenders
(3,233.61)
$ 49,267.59 $ 183,214.18 $ 29,102.44 Divided by Total Hours Worked
In Each Category
10,403.25 31,317.75 5,974.00 Tips Per Hour Per Category
$ 4.74 $ 5.85 $ 4.87 4. Petitioners' 55 hours of training other employees were included in her total day shift food server hours.↩