MARK RUSSELL STEPHENSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stephenson v. Commissioner
Docket No. 23171-86.
United States Tax Court
T.C. Memo 1987-341; 1987 Tax Ct. Memo LEXIS 341; 53 T.C.M. (CCH) 1327; T.C.M. (RIA) 87341; July 13, 1987
Mark Russell Stephenson, pro se. Ramon Estrada, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] Respondent *342 determined a $ 3,784 deficiency in petitioner's 1983 income tax, as well as additions to tax. Petitioner was a resident of Corpus Christi, Texas at the time he filed his petition. The issues are (1) whether petitioner understated his tip income as determined by respondent, and (2) whether petitioner is liable for additions to tax under sections 6653(a)(1) and (a)(2). [2]
During 1983 petitioner was employed as a bartender at the Summit Hotel in Dallas, Texas. On his 1983 return, petitioner reported wages and tip income in the amount of $ 12,300.52. Upon examination of that return, respondent determined that petitioner had additional income from tips in the amount of $ 14,691.84. This determination was based on respondent's estimate that bartenders *343 in the Dallas area received an average of $ 7.14 for each hour worked. Petitioner contends that respondent's calculation of petitioner's tip income is inaccurate and that his tips averaged approximately $ 1.25 per hour. Petitioner's claims that he kept a daily record of his tip compensation on the back of his time cards, which cards were handed in to his employer. However, petitioner did not submit these cards, or any other documentation with respect to his tip compensation. Tips are includible in gross income as compensation for services rendered. Sec. 61(a); sec. 1.61-2(a)(1), Income Tax Regs; Killoran v. Commissioner,709 F.2d 31 (9th Cir. 1983), affg. a Memorandum Opinion of this Court; Schroeder v. Commissioner,40 T.C. 30, 33 (1963). Section 6001 and the regulations thereunder require a taxpayer receiving tip income to keep records sufficient to enable respondent to determine his correct tax liability. Petitioner did not produce any records of his tip income, and respondent is authorized under section 446 to reconstruct petitioner's income to clearly reflect such income. Meneguzzo v. Commissioner,43 T.C. 824, 831 (1965); *344 Sutherland v. Commissioner,32 T.C. 862 (1959). Petitioner has the burden of proving that the method adopted by respondent is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The only evidence presented by petitioner in support of his position was his own unsubstantiated, uncorroborated, self-serving testimony. Although he contended that his tips were lower than what was calculated by respondent because he sometimes worked day shifts, during which tips are usually lower, petitioner produced no records showing what shifts he was working during that time. Thus, the actual tips realized by petitioner cannot be determined in this case because petitioner failed to present any records. In the absence of such records, respondent's reconstruction of the tip income need only produce "a result which is substantially correct." Mendelson v. Commissioner,305 F.2d 519, 523 (7th Cir. 1962), cert. denied 371 U.S. 877 (1962). We are satisfied that respondent's determination is substantially correct. Petitioner failed to submit records of his tip income as required by section 6001 and the regulations issued thereunder, *345 and at trial he submitted no evidence to justify this failure. Accordingly, respondent's determination with respect to the negligence additions to tax under sections 6653(a)(1) and (a)(2) is sustained. Meneguzzo v. Commissioner, supra at 836. Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩