JAMES C. MARTIN AND IDA MARTIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 6485-92
United States Tax Court
T.C. Memo 1993-180; 1993 Tax Ct. Memo LEXIS 185; 65 T.C.M. (CCH) 2470; April 26, 1993, Filed *185 Decision will be entered under Rule 155. James C. Martin and Ida Martin, pro se. For respondent: Paul L. Dixon. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was considered pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section numbers refer to the Internal Revenue Code for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. For clarity and simplicity, we have combined the findings of fact and conclusions of law. Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
1987 1988 Deficiency
$ 4,343
$ 6,668
Additions to tax
Sec. 6653 (a)(1)(A)
217
--
Sec. 6653 (a)(1)(B)
[1] --
Sec. 6653 (a)(1)
--
333
Sec. 6661
--
1,667
After concessions, the Court must decide: (1) Whether petitioners understated tip income earned by petitioner wife as a cocktail server; (2) whether *186 petitioners are liable for additions to tax for negligence under section 6653(a); and (3) whether petitioners are liable for an addition to tax under section 6661 for a substantial understatement of tax. Some of the facts have been stipulated and are so found. Petitioners resided in Las Vegas, Nevada, at the time they filed their petition. In 1987 and 1988, Mrs. Ida Martin (petitioner) worked as a cocktail server in the blackjack pit/gaming area of the Circus Circus Hotel and Casino (Circus Circus) in Las Vegas, Nevada. Petitioner served complimentary drinks to gambling patrons in the gaming area. She received tips from these patrons. In 1987, petitioner worked 1,314 hours and in 1988 she worked 1,821 hours. In both years, petitioner worked the swing shift from 6:00 p.m. to 2:00 a.m. Petitioner did not maintain a diary or keep any other contemporaneous record of the tips she received in 1987 or 1988. In 1987, petitioner did not report any tip income to her employer, Circus Circus Enterprises, Inc. (Circus Enterprises). Petitioners reported on their 1987 Federal income tax return only the $ 1,976 of income from tips allocated to petitioner by Circus Enterprises pursuant to *187 section 6053. In 1988, petitioner again failed to report any tip income to her employer. Petitioners reported on their 1988 Federal income tax return only the $ 3,066 of income from tips Circus Enterprises allocated to petitioner pursuant to section 6053. Petitioners are faced with the basic principle that respondent's determinations are presumed correct and the burden is on petitioners to prove that respondent is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). It is well established that tips are includable in gross income under section 61(a). Killoran v. Commissioner, 709 F.2d 31 (9th Cir. 1983), affg. T.C. Memo. 1981-659; sec. 1.61-2(a)(1), Income Tax Regs. Under section 6001 a taxpayer is required to keep sufficient records to enable respondent to compute the taxpayer's correct tax liability. In the absence of proper records, respondent may use any method of computation which will clearly reflect the income of the taxpayer. Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). Respondent's method of determining tip income *188 is presumptively correct and will be affirmed as long as it is rationally based. Cracchiola v. Commissioner, 643 F.2d 1383 (9th Cir. 1981), affg. per curiam T.C. Memo. 1979-3 and Lombardo v. Commissioner, T.C. Memo. 1979-11; Avery v. Commissioner, 574 F.2d 467, 468 (9th Cir. 1978), affg. per curiam T.C. Memo. 1976-129. We have previously accepted the use of formulas to reconstruct tip income. Meneguzzo v. Commissioner, supra.
Respondent used a formula derived from surveillance of cocktail servers conducted in 1988 of six casinos in Las Vegas, including Circus Circus. The surveillance was conducted by two-member teams of Internal Revenue Service agents who made multiple observations of various cocktail servers for 30-minute periods. The agents observed the cocktail servers at Circus Circus during the three shifts and during the various days of the week. When the agents could not clearly identify the amount of a tip, they made a conservative estimate of the amount received, and assumed it was the *189 least value that it could be. On the basis of the agents' report, respondent's statistician calculated the average gross tip income the cocktail servers received in the gaming area in 1988 for each hour worked. The gross tip amount was reduced to reflect a "lower 95 percent confidence limit". This term means that there was a 95-percent chance that the average waitress received tips at that rate. The net tip rate respondent used to calculate petitioner's tip income for 1987 and 1988 was $ 16.73 per hour. To compute the amount of tips that petitioner earned in 1987, respondent multiplied the number of hours she worked by the tip rate of $ 16.73 per hour. Respondent determined that petitioner earned $ 21,983 in tips in 1987 (1,314 hours X $ 16.73 = $ 21,983). Respondent determined that petitioner earned $ 30,465 in tips in 1988 (1,821 hours X $ 16.73 = $ 30,465). Thus, respondent determined that petitioner failed to report $ 20,007 and $ 27,399 in tip income for 1987 and 1988, respectively. In their petition, petitioners concede that petitioner's tip earnings were the same during 1987 and 1988. In fact, they claim the tip earnings were the same in 1990. In any event, respondent's *190 formula would be a proper formula for respondent under circumstances such as these. Catalano v. Commissioner, 81 T.C. 8 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984); Cohen v. Commissioner, T.C. Memo. 1990-650. Petitioner stated that she earned tips at a rate of $ 5.45 in 1987 and in 1988. This means she conceded that she failed to report tip income of $ 5,185 and $ 6,858 for 1987 and 1988, respectively. In contrast, based on petitioner's claim that she earned tips of $ 5.52 per hour, as set forth in the next paragraph, petitioner conceded she failed to report tip income of $ 5,277 and $ 6,986 for 1987 and 1988, respectively. Petitioner asserted that she served an average of 24 drinks per hour to the casino customers and received an average tip of 23 cents per drink or $ 5.52 an hour. In contrast, she testified at trial that: "I don't take out that many drinks, but I make a lot of money for each one." In light of all these conflicting statements, we give no weight to petitioner's estimate of the amount of tips she earned per hour. *191 Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). At trial, petitioner contended that she was unable to effectively work serving cocktails during the latter part of 1988. She was pregnant during the last four months of 1988 so she left the serving floor repeatedly in order to sit down. In light of such facts, respondent agreed at trial to a $ 6,000 downward adjustment of petitioners' income for 1988. Petitioner also testified that she gave part of her tips to the bartender at the service bar. This testimony is credible. There is no evidence that respondent reduced the hourly tip rate to provide for the amount the servers paid to the bartenders. Based on the record, we find that petitioner paid an average of 40 cents per hour worked to the bartender on duty. Thus, we hold that the appropriate tip rate is reduced to $ 16.33 for 1988. Butler v. Commissioner, T.C. Memo. 1991-118. We must also decide whether $ 16.33 is also an appropriate tip rate for 1987. Because respondent's expert witness conceded at trial that the tip rate for 1987 was 10 cents per hour less than in 1988, we find that the appropriate tip rate *192 for 1987 is $ 16.23. We next address the issues of the additions to tax. Section 6653(a)(1)(A) and section 6653(a)(1) provide for an addition to tax if any part of the underpayment is due to negligence or disregard of the rules for 1987 and 1988, respectively. For 1987, section 6653(a)(1)(B) provides for an addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Petitioners have the burden of proof to show that any underpayment of tax was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner did not keep any records of her tip income during the years in issue. Petitioner admitted substantial underreportings of her tip income for both years. We have found that she failed to report even greater amounts in each of the years in issue. Petitioner's failure to maintain accurate records and her *193 failure to properly report her tip income in 1987 and 1988 was negligence. On this record, we have no choice but to hold that petitioners are liable for the additions to tax under section 6653(a). Respondent also determined that for 1988, petitioners are liable under section 6661 for an addition to tax of 25 percent for a substantial understatement of income tax liability. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). We hold that no part of the understatement is excluded from the determination of whether the understatement was substantial. Whether this addition to tax is applicable will be determined in the Rule 155 computation. Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 4,343, which is the underpayment attributable to negligence.↩